James L. Martin, ISB No. 4226
jlm@moffatt.com
MOFFATT, THOMAS, BARRETT,
ROCK & FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho 83701-0829
Telephone (208) 345-2000
Facsimile (208) 385-5384

David J. Lender (*pro hac vice*)
david.lender@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone (212) 310-8000
Facsimile (212) 310-8007

Ray Guy (*pro hac vice*)
ray.guy@weil.com
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone (214) 746-7700
Facsimile (214) 746-7777

*Attorneys for Credit Suisse Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| L.J. GIBSON, BEAU BLIXSETH, AMY KOENIG, DEAN FRESONKE, VERN JENNINGS, TERRI FROEHLICH, MONIQUE LEFLEUR, and GRIFFEN DEVELOPMENT, LLC, each individually, and on behalf of PROPOSED Plaintiff CLASS Members of Tamarack Resort, Yellowstone Club, Lake Las Vegas and Ginn Sur Mer,<br><br>              Plaintiffs,<br>v.<br><br>CREDIT SUISSE AG, a Swiss corporation, CREDIT SUISSE SECURITIES (USA), LLC, a Delaware limited liability company, CREDIT SUISSE FIRST BOSTON, a Delaware limited liability corporation, CREDIT SUISSE CAYMAN ISLAND BRANCH, an entity of unknown type, CUSHMAN & WAKEFIELD, INC., a Delaware corporation and DOES 1 through 100 inclusive,<br><br>              Defendants. | Case No. 1:10-cv-00001-EJL<br><br>**AFFIDAVIT OF RONALD HUGH SMALL IN SUPPORT OF CREDIT SUISSE DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |

I, RONALD HUGH SMALL, QC, declare under penalty of perjury as follows:

### Personal Background

1.  I am presently Consultant Counsel with the law firm of Graham, Thompson & Co. in Nassau in the Bahamas and have practiced law with this firm since 2008. I am a retired judge of the Supreme Court of the Commonwealth of the Bahamas where I served from 2001 to 2006. Prior to that, I practiced as a Barrister-at-law in Jamaica, Cayman Islands, and Turks and Caicos Islands.

2.  I graduated from the University of London with a Bachelor of Laws (Honours) in 1962 and from the Inns of Court School of Law in London in 1963 (Honours in Bar Finals).

### Bahamas Government and Legal System

3.  The Commonwealth of the Bahamas is a constitutional democracy under the provisions of the Constitution that is the supreme law of the nation under which there is separation of powers between the executive, legislative, and judicial arms of government. The main sources of law administered by the judiciary are (a) the Constitution of the Commonwealth of the Bahamas, (b) the common law, (c) the law of equity, and (d) statutory law enacted by or under the authority of the legislative branch of the government.

4.  The Declaratory Act of the Bahamas, which has been in force since 1799, and remained in force after the Bahamas attained independence in 1973, enacts that the common law of England has full force within the Bahamas.

5.  The Judicial Committee of the Privy Council (the Privy Council) is the highest appellate court in the judiciary of the Bahamas and its judges are members of the Supreme Court of the United Kingdom. The other courts of the Bahamas are bound by the decisions of the Privy Council and regard the judgments of the House of Lords (the predecessor of the Supreme Court

2

of the United Kingdom) and the Court of Appeal of England and Wales as highly persuasive authority with regard to pronouncements on the common law.

6.  The Rules of the Supreme Court (the "Rules") set out the procedural code for actions in the Court. The Rules contain a comprehensive compendium of the procedure that is applied to all civil actions and incorporates the principles that the Court applies in proceedings. The Rules are divided into Orders that cover separate aspects of procedure and each Order has subheadings called rules.

### Applicable Bahamian Rules

7.  Order 18 of the Rules makes comprehensive provisions for pleadings. Specific principles exist under Order 18 Rule 19 for the striking out of pleadings. Order 18 Rule 19 states that:

> The Court may at any stage of the proceedings order to be struck out or amended any pleading or the indorsement or any writ in the action, or anything in any pleading or in the indorsement, on the ground that
>
> (a) it discloses no reasonable cause of action or defence, as the case may be; or
> (b) it is scandalous, frivolous or vexatious; or
> (c) it may prejudice, or embarrass or delay the fair trial of the action; or
> (d) is otherwise an abuse of the process of the court;
>
> and may order the action to be stayed or dismissed or judgment to be entered accordingly, as the case may be.

8.  Order 18 Rule 12 makes provisions in relation to particulars that must be included in every pleading:

> [E]very pleading must contain the necessary particulars of any claim, defence or other matter pleaded including, without prejudice to the generality of the foregoing words –
>
> (a) particulars of any misrepresentation, fraud, breach of trust, willful default or undue influence of which the party pleading relies; and
> (b) where a party pleading alleges any condition of the mind of any person, whether any disorder or disability of mind or any malice, fraudulent intention or other

3

condition of mind except knowledge, particulars of the facts on which the party relies.

9. The Rules do not permit the filing of class actions.

### Pleading Facts with Particularity

10. Pleadings filed before the Supreme Court of the Bahamas must comply with the provisions of Order 18 Rule 12. Failure to do so will invariably lead to an application for those pleadings to be struck out. The provisions of Order 18 are the same as those that applied in England up until 1998 when the equivalent Rules of Court of England were changed. There is an abundance of high judicial precedent in England under their old rules and in the Bahamas under its existing Rules that establishes that the governing principles are that the function of particulars is (1) to inform the other side of the nature of the case that they have to meet, *see Aga Khan v. Times Publishing Co.* [1924] 1 K. B. 675; (2) to prevent the other side from being taken by surprise, *see Spedding v. Fitzpatrick* [1888], 38 Ch. D at p 413; (3) to enable the other side to know what evidence they ought to prepare for trial, *see Thorp v. Holdsworth* [1876], 3 Ch. D. 637, 639; (4) to limit the generality of pleadings, *see Saunders v. Jones* [1877], 7 Ch. D. 435; (5) to limit and define the issues to be tried, *see Yorkshire Provident Life Assurance Co. v. Gilbert* [1895] 2 Q.B 148; and (6) to tie the hands of the party so that he cannot without the permission of the Court go into any matters not included in the particulars, *see Philipps v. Philipps* [1878], 4 QBD 127, 133.

11. In the Bahamas, where several defendants have been sued, the requirement that particulars must be specifically pleaded extends to obligating the plaintiff to plead the particulars against each defendant.

4

## RICO

12. There is no equivalent of the RICO Act in the Bahamas and there is no statute that establishes civil causes of action for acts performed as part of an ongoing criminal organization.

## Fraud

13. Fraud in the common law has been developed from the ancient tort of deceit and involves a false representation made by a defendant *to the plaintiff*, with knowledge that it is untrue, or who has no belief in its truth, or who is reckless as to its truth. If the defendant intended that the claimant should act in reliance on such a representation and the claimant in fact does so, the defendant will be liable for the damage caused. *See Ellis v. Jean Vavrovsky Associates Inc.* [1992] BHS J. No. 129 1987 No. 424; *Michael Anthony Kelly v. Ronald William Albury, and John David Albury* [1998] BHS J. No. 64 1992 No. 1154 and 1991 No. 101.

14. In a recent Bahamian case of fraud, Lyons J. held that when a statement of claim alleging *inter alia* fraud is defective, due to a failure on the part of the plaintiff to properly plead the particulars of the fraud alleged, that the proper course of action is to strike out the statement of claim. *Sils Foundation v. U.A.M. Columbus Structure Fund Ltd* [2001] BHS J. No. 91 2001 No. 589.

15. Fraud cannot be alleged for failure to make a statement unless some fiduciary duty of disclosure exists. *See* Lord Maugham in *Bradford Third Equitable Benefit Building Society v. Borders* [1941] 2 All ER 205 at 211].

## Negligent Misrepresentation

16. Although there may be several commonalities between deceit and negligent misrepresentation, the tort of negligent misrepresentation is an offshoot of the common law tort of negligence as opposed to the common law tort of deceit. The House of Lords case of *Hedley*

5

*Byrne & Co Ltd v. Heller & Partners Ltd.* [1963] A.C. 465 established that a person who made a negligent statement could owe a duty of care to a person who suffered economic loss through reliance upon the statement.

17. In *Bahamas International Trust Co v. Wyckoff* [1988] BHS J. No. 72, Georges CJ adopted the *Hedley Byrne* dicta that:

> [A] negligent, though honest, misrepresentation, spoken or written, may give rise to an action for damages for financial loss caused thereby, apart from any contract or fiduciary relationship, since the law will supply a duty of care when a party seeking information from a party possessed of a special skill trusts him to exercise due care, and that party knew or ought to have known that reliance was being placed on his skill and judgment.

18. Particulars must always be given in pleadings in the Bahamian courts showing in what respects the defendant was negligent. The Statement of Claim (the equivalent to the complaint) must state the facts upon which the alleged duty is founded and the duty to the plaintiff the breach of which the defendant is charged. This must be followed by an allegation of the precise breach of duty of which the plaintiff complains and lastly the particulars of the injury and damage sustained. *See* Order 18 Rule 12.

19. Absent special circumstances, there is ordinarily no duty of care owed by lenders to borrowers.

## Breach of Fiduciary Duty

20. Claims for breach of fiduciary duty are justiciable in the Bahamian courts in the exercise of their jurisdiction in equity. Lord Millett in *Bristol & West Building Society v. Mothew* [1998] 1 Ch. 18 described a fiduciary as someone who has undertaken to act for and on behalf of another in a particular matter in circumstances which give rise to a relationship of trust and confidence.

21.     The circumstances vary but generally apply to instances where there is deemed to be a trust relationship and the defendant is alleged to have received funds which have been misapplied, or to have knowingly and dishonestly assisted in the application of funds that are impressed with a trust relationship. *See El Ajou v. Dollar Land Holdings plc* [1994] 2 All E.R. 685; *Royal Brunei v. Airlines v. Tan* [1995] 1 A.C. 378; *Toukhmanian v. Ansbacher (Bahamas) Ltd* [1997] BHS J. No. 36 1997 No. 561.

22.     How and in what circumstances the relationship was created, how the relationship was breached, and the nature of the damages suffered as a result of the alleged breach of duty are all ingredients of the cause of action that would have to be specifically pleaded under the Bahamian Rules. *See* Order 18 Rule 12.

23.     Relationships between lender and borrower are not fiduciary in the normal course of events. It is conceivable that special terms of a contractual relationship may create duties that go beyond normal arms-length contractual obligations. Contractual terms may also disclaim the creation of a fiduciary relationship. *See Armitage v. Nurse* [1997] 3 W.L.R. 1046.

24.     I am not aware of any legal precedent for a "derivative" fiduciary duty claim whereby a plaintiff can allege that a fiduciary duty owed by the defendant to a third party extends to the plaintiff.

## Conspiracy

25.     A conspiracy is actionable in the Bahamian Courts to recover damages. A conspiracy is "the agreement of two or more persons to do an unlawful act or to do an lawful act by unlawful means." *Lonrho v. Fayed* [1992] 1 A.C. 448; *Bassatne v. Jabbour* [1993] BHS J. No. 1 1991 No. 1373.

26.     For the claimant to succeed he must prove:

    a.    A combination or agreement between two or more individuals;

    b.    An intent to injure;

    c.    Pursuant to which combination or agreement and that with that intention certain acts were carried out;

    d.    Resulting in the loss and damage claimed by the plaintiff.

*See id.*

27.    Pleadings of conspiracy must contain the particulars of the intent to injure in conformity with the requirements of Order 18 Rule 12. *Sils Foundation v. U.A.M. Columbus Structure Fund Ltd* [2001] BHS J. No. 91 2001 No. 589; *see also Bassatne*, [1993] BHS J. No. 1 1991 No. 1373.

### Tortious Interference with Contractual Relations

28.    This common law cause of action is established if the defendant knowingly induced or procured a breach of contract between the plaintiff and some third party. It must be shown that the defendant acted deliberately and directly in interfering with the performance of a contract by unlawful means. *Merkur Island Shipping Corp v. Laughton* [1983] A.C. 570.

### Unjust Enrichment

29.    Where a plaintiff is not seeking compensatory damages for a tort, the Bahamian courts gives equitable restitution to strip away the gains made by the defendant by the wrong he has committed against the plaintiff. For the claimant to succeed he must prove: (i) the defendant has been enriched by the receipt of a benefit; (ii) he has been so enriched at plaintiff's expense, *see Halifax B.S. v. Thomas* [1996] Ch. 217 at 227 per Gibson, LJ; and (iii) it would be unjust to allow him to retain the benefit. *See Walkine v. Sabo* [1996] BHS J. No. 21 No. 1374 1991; *Lloyd v. Roycan International Banking Ltd* [1998] BHS J. No. 39 1990 No. 856.

30. In the case of *Wright v. Strachan* [2003] BHS J. No. 47 2002 1849, an action in which the defendant made a claim for unjust enrichment, Lyons J. in dismissing the claim said:

> It does not surprise me that counsel could not find any authority to support the first defendant's assertion. Generally speaking, equity will intervene to prevent one party taking unfair advantage of another. That is a very general statement but, nonetheless, it underpins such concepts as unjust enrichment, unconscionable conduct and such. The problem for the first defendant is that she makes no allegation that any conduct by the plaintiff puts her in the position she says she finds herself. . . . [T]he defence is pathetic to say the least. The court is not in the habit of playing audience to a court jester. There is no merit in law or fact in the first defendant's purported claim.

### Negligence

31. Common law liability for negligence is established where a plaintiff proves:

   a. the situation in which the law attaches liability to carelessness;

   b. breach of the duty of care by the defendant, i.e. that he failed to measure up to the standard set by law;

   c. a causal connection between the defendant's careless conduct and the damage;

   d. that damages results to the plaintiff from the defendant's act that is foreseeable.

*Caparo Industries plc v. Dickman* [1990] 2 AC 605. The plaintiff must specifically plead particulars of the acts of negligence of the defendant on which he relies. He must also state the facts upon which the supposed duty of care is founded and the breach of the duty that he alleges against the defendant. *West Rand Central Gold Mining Co. v. R* [1905] 2 K.B. at p 400.

32. As previously indicated, absent special circumstances, there is ordinarily no duty of care owed by lenders to borrowers.

### Breach of Covenant of Good Faith and Fair Dealing

33.     The concept of general covenant of good faith and fair dealing is not known in Bahamian law. The following dicta in the unreported English Court of Appeal decision of *James Spencer & Co., Ltd v. Tame Valley Padding Co. Ltd* [1998] reflects the law of the Bahamas: "There is no general doctrine of good faith in the English law of contract. The injured parties are free to act as they wish, provided that they do not act in breach of a term of contract."

### Conclusion

34.     In *Garrett v. Ansbacher (Bahamas) Ltd* [2004] BHS J. No. 156 2004/CLE/GEN/00125, 2004/CLE/GEN/00126 and 2003/CLE/GEN/1350-1352, the Court dismissed an action as disclosing no reasonable cause of action. Small J. stated:

> The application to strike out the Statement of Claim and dismiss the proceedings in this action was made under the inherent jurisdiction of the Court and the four grounds under Order 18 Rule 19; namely that it, (a) discloses no reasonable cause of action, (b) is scandalous, frivolous and vexatious, (c) may prejudice, embarrass or delay the fair trial of the action, or, (d) is otherwise an abuse of the process of the Court. This entire action has been handled in an untidy, disorganised and irregular manner. These proceedings are an abuse of this Court's process. I grant application to strike out the writ. None of the Statements of Claim of these plaintiffs pleaded a connecting link between the loss suffered and the alleged breach of contract. This violates the rule that a plaintiff who relies on a breach of trust, fiduciary duty, statutory duty or breach of contract must prove that the loss claimed was caused by the defendant's breach. *Target Holdings v. Redferns* [1996] 1 AC 421 at 432 and 440 Ansbacher (the defendant) has established that the Statements of Claim in the Company Actions disclose no reasonable cause of action that they are frivolous.

35.     These principles apply to the pleading of Plaintiffs' case against the Credit Suisse Defendants and would be applicable if the Second Amended Complaint were to be litigated in the Bahamas.

36.     I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on March 27, 2010 at Kingston, Jamaica, West Indies.

By: _____
RONALD HUGH SMALL, QC

Sworn to before me this
27th day of March 2010

_____
Notary Public

DEREK NORWOOD JONES
NOTARY PUBLIC
21 EAST STREET
KINGSTON, JAMAICA
MY COMMISSION IS PERPETUAL



**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 29th day of March, 2010, I filed the foregoing **AFFIDAVIT OF RONALD HUGH SMALL IN SUPPORT OF CREDIT SUISSE DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| **Robert C. Huntley Jr.**<br>rhuntley@huntleylaw.com | **Michael J. Flynn**<br>mike@mjfesq.com |
| **James C. Sabalos**<br>jimsabalos@hotmail.com | **John Flood**<br>john@floodandflood.com |
| **Philip H. Stillman**<br>pstillman@stillmanassociates.com | **Peter Chase Neumann**<br>petercneumann@sbcglobal.net |
| **Chris Flood**<br>chris@floodandflood.com | **Richard C. Boardman**<br>rboardman@perkinscoie.com |
| **Rebecca H. Benavides**<br>rbenavides@perkinscoie.com | **Donald L. Morrow**<br>donaldmorrow@paulhastings.com |
| **Panteha Abdollahi**<br>pantehaabdollahi@paulhastings.com | **Barry G. Sher**<br>barrysher@paulhastings.com |

　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　Tyler J. Anderson