UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| L.J. GIBSON, BEAU BLIXSETH; AMY KOENIG, DEAN FRESONKE, VERN JENNINGS, TERRI FROEHLICH, MONIQUE LEFLEUR, and GRIFFEN DEVELOPMENT, LLC, each individually, and on behalf of PROPOSED Plaintiff CLASS Members of Tamarack Resort, Yellowstone Club, Lake Las Vegas and Ginn Sur Mer,<br><br>Plaintiffs,<br><br>vs.<br><br>CREDIT SUISSE AG, a Swiss corporation; CREDIT SUISSE SECURITIES (USA), LLC, a Delaware limited liability company, CREDIT SUISSE FIRST BOSTON, a Delaware limited liability corporation; CREDIT SUISSE CAYMAN ISLAND BRANCH, an entity of unknown type; CUSHMAN & WAKEFIELD, INC., a Delaware corporation and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No.: CV 10-1-EJL-REB<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**(1) MOTION TO CONVERT THE MOTIONS TO DISMISS TO RULE 56 STATUS**<br>**(Docket No. 57)**<br><br>**(2) MOTION FOR STAY OF DISCOVERY**<br>**(Docket Nos. 52 & 55)**<br><br>**(3) MOTION TO FILE DOCUMENTS UNDER SEAL**<br>**(Docket No. 50)**<br><br>**(4) MOTION/REQUEST FOR JUDICIAL NOTICE**<br>**(Docket No. 69)** |

Currently pending before the Court are (1) Plaintiffs' Motion to Convert the Motions to Dismiss to Rule 56 Status ("Motion to Convert") (Docket No. 57); (2) Defendants' Motion for Stay of Discovery ("Motion to Stay") (Docket Nos. 52 & 55); (3) Defendant Cushman & Wakefield, Inc.'s Motion to File Documents Under Seal ("Motion to Seal") (Docket No. 50); and (4) Plaintiffs' Request for Judicial Notice in Support of Motion to Convert and in Opposition to Motion to Stay ("Motion/Request for Judicial Notice") (Docket No. 69). Having carefully

**MEMORANDUM DECISION AND ORDER - 1**

reviewed the record, participated in oral argument, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:[1]

## I. DISCUSSION

**A.     Motion to Convert**

Defendants Cushman & Wakefield, Inc. ("C & W") and the Credit Suisse Defendants (collectively "Credit Suisse") filed separate Motions to Dismiss.  *See* Docket Nos. 48 & 51.  Through their Motion to Convert, Plaintiffs argue that these Motions to Dismiss, "accompanied by hundreds of pages of extraneous materials" and containing Defendants' counsel's subjective argument and "purported facts" (*see* Mem. in Supp. of Mot. to Convert, p. 2 (Docket No. 56)), must be converted into Motions for Summary Judgment, thus permitting Plaintiffs to conduct discovery before responding to Defendants' arguments.

There is no dispute that FRCP 12(d) generally allows for the relief Plaintiffs seek here. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").  Indeed, the parties appropriately reference this Court's recent consideration of the relevant principles in *Seraphin v. SBC Internet Servs., Inc.*, 2010 WL 1326820, *2 (D. Idaho 2010) ("'When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond.") (quoting *U.S. v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)).  However, a court may

---

[1] While the pending motions raise enough substantive issues to warrant a lengthy opinion, the Court is more concerned about the timeliness of issuing a decision and is therefore issuing this more focused, to-the-point, Memorandum Decision and Order.

**MEMORANDUM DECISION AND ORDER - 2**

consider documents incorporated by reference within the pleadings, without converting a motion to dismiss into one for summary judgment. *See Seraphin*, 2010 WL 1326820 at *2 (citing *U.S. v. Ibrahim*, 522 F.3d 1003, 1006 (9th Cir. 2008)). That is, "even if a document is not attached to a complaint, a defendant may offer it and the court may incorporate it by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *See id.* at *2, fn. 2 (citing *Ritchie*, 342 F.3d at 908).

Plaintiffs emphasize (in their briefing and during oral argument) the *volume* of materials offered in support of Defendants' Motions to Dismiss. *See, e.g.*, Mem. in Supp. of Mot. to Convert, p. 3 (Docket No. 56) ("After presenting a total of 1,107 pages outside the Complaint, the Defendants are now seeking to stay discovery pending ruling under Rule 12, in a transparent effort to cherry-pick which extraneous documents they wish the Court to see, while precluding Plaintiffs from presenting evidence that directly and unequivocally contradicts the Defendants' 'purported facts.'"). The Court is more focused, however, upon the *import* rather than the volume of such materials. In the Court's mind, the majority of these documents deal with the credit agreements, engagement letters, and appraisals referenced in Plaintiffs' underlying Second Amended Complaint - their mere inclusion as exhibits in support of Defendants' Motions to Dismiss (assuming authenticity is not at issue) does not transmute an otherwise proper motion to dismiss into a motion for summary judgment.[2] Additionally, the volume of documents is in large part reflective of the template that Plaintiffs' Second Amended Complaint laid down upon this

---

[2] The analysis would be similar if a plaintiff appended voluminous documents to the filing of a complaint, which then was the subject of a motion for summary judgment. It would be insufficient in such a setting for a plaintiff to contend that the sheer volume of such documents necessarily evidenced some genuine issue of material fact contained therein, such as to defeat summary judgment.

**MEMORANDUM DECISION AND ORDER - 3**

case. In other words, it was Plaintiffs' decision to seek relief pertaining to four different real property resort developments, each of which alone would be expected to carry a significant amount of "paper," given the nature of the developments and the dollars at play. Hence, the fact that there is a large volume of paperwork, albeit leading to Defendants' request to apply the Rule 12(b) incorporation doctrine, still stems initially from the way in which Plaintiffs chose to frame their Second Amended Complaint.

Nonetheless, Plaintiffs' arguments are a bit more nuanced. Specifically, Plaintiffs contend that although certain at-issue documents are presented in their entirety, other documents sought to be incorporated into the record by Defendants are only excerpts of larger documents, and the use of such excerpts may offer a skewed and/or incomplete perspective if the Court takes up Defendants' Motions to Dismiss. *See* Mem. in Supp. of Mot. to Convert, pp. 4-7 (Docket No. 56). Further, Plaintiffs argue that subjective arguments made by Defendants' counsel permeate Defendants' Motions to Dismiss, masquerading as "purported facts" in contrast to Plaintiffs' own allegations. *See id*. at pp. 7-8.

The Court has considered such concerns, but concludes that they can be resolved and addressed without the need to convert Defendants' Motions to Dismiss into summary judgment motions. To begin, a plaintiff's factual allegations are lent considerable weight at this stage of the litigation and, for the most part, must be considered true and given the benefit of inferences when confronted with a motion to dismiss. *See, e.g.*, *Carter v. Seventh Judicial Dist. of Idaho*, 2009 WL 1635389, *3 (D. Idaho 2009) ("When analyzing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true the allegations contained in the complaint and construe them in the light most favorable to the non-moving party."). With this standard in mind, it

**MEMORANDUM DECISION AND ORDER - 4**

would seem that Plaintiffs' angst over many of Defendants' counsel's "purported facts" can be countered by reference to the salient allegations in their own 115-page Second Amended Complaint.

Second, Plaintiffs are (or should be) permitted to utilize the same credit agreements, engagement letters, and appraisals (coupled with their own allegations) to counter the arguments raised in Defendants' Motions to Dismiss. Likewise, where the record contains only excerpts from larger, more comprehensive sources, Plaintiffs are permitted to refer to those sources, in their complete state, if they think it necessary to do so to diffuse any of Defendants' related arguments.[3]

Third, the Court is not convinced that an attorney's arguments (factual and legal) in support of a motion to dismiss automatically morph that motion to dismiss into a motion for summary judgment; otherwise, motions for summary judgment would crowd and eventually push out the use of motions to dismiss. A motion to dismiss, by design of the rules of procedure, generally proceeds on a much smaller framework than does a Rule 56 motion. However, the fact

---

[3] During oral argument, Credit Suisse maintained that its use of the credit agreement and/or engagement letter excerpts were narrowly tailored to provide an alternate argument to Plaintiffs' derivative fiduciary duty/negligence claims. Still, where such materials are offered in support of their Motion to Dismiss, Plaintiffs are entitled to the complete materials from which Credit Suisse cites and relies upon. Therefore, recognizing this Court's broad discretion to manage discovery matters and to the extent Plaintiffs do not already possess such information (either independently or through Defendants' Motions to Dismiss), Plaintiffs are permitted to pursue limited discovery (1) to request from Credit Suisse complete copies (including amendments) of those exhibits referenced within David J. Lender's March 29, 2010 Declaration (Docket No. 51, Att. 3), and (2) request from C & W complete copies (including amendments) of those exhibits referenced within James J. Moran's March 26, 2010 Declaration (Docket No. 49). Such requests shall be made pursuant to FRCP 34; must be served by May 19, 2010: and must be responded to by May 26, 2010. The Court's position in this respect should not be misinterpreted as an invitation for Plaintiffs to expand any requests beyond the materials referenced in Messrs. Lender and Moran's respective Declarations.

**MEMORANDUM DECISION AND ORDER - 5**

of a more sparse record for decision does not preclude appropriate advocacy as to the application of the law and the facts upon such a record. Neither is it a unilateral exercise - where disagreement exists between the parties as to the applicable law, the facts, or the facts applied to the law, Plaintiffs are free to advance their own arguments in opposition to Defendants' unfolding dismissal efforts.[4] Discovery is not necessarily a prerequisite for such a preliminary litigation battleground.

Finally, the Court agrees that it is appropriate to consider the Defendants' jurisdictional arguments in advance of what could become a time-consuming and expensive discovery expedition. This is not reflective of any anticipated ruling upon the possible merits of Defendants' Motions to Dismiss; to the contrary, the Court is paying careful attention to the arguments of both sides of the issues raised therein. The Court does have concern, however, that even the most narrowly-defined discovery boundaries, particularly in a case like this, could very well blossom into a morass of tangled factual and legal arguments that raise more questions than answers - all before Defendants even submit a formal Answer to Plaintiffs' Second Amended Complaint. Still, while not now granting the relief Plaintiffs seek, the Court acknowledges that, after fully considering the briefing relative to Defendants' Motions to Dismiss, the Court may

---

[4] The Court has considered as well, the objections raised by Plaintiffs to the March 27, 2010 Affidavit of Ronald Hugh Small in Support of the Credit Suisse Defendants' Motion to Dismiss (Docket No. 51, Att. 2). Through his Affidavit, it appears that Mr. Small is testifying as an expert with respect to Bahamian legal requirements. However, Mr. Small's testimony relates to choice of law concerns, relative to Plaintiffs' allegations of fraud. Because at least one at-issue property, Ginn sur Mer, is located in the Bahamas, Bahamian law *may* apply when considering the applicable claims. Under FRCP 44.1, Mr. Small's Affidavit is permissible, but only to the extent of discussing Bahamian standards, not legal conclusions. Under FRCP 44.1, Plaintiffs are also permitted to offer contrasting testimony in opposition to Defendants' Motions to Dismiss, if necessary.

**MEMORANDUM DECISION AND ORDER - 6**

decide to exclude certain materials from its consideration or permit some form of discovery to address what the Court may otherwise conclude is a mislabeled motion for summary judgment. Until then, however, Plaintiffs' Motion to Convert is denied.

Consistent with this Court's prior discussion on the issue, a schedule for responding to Defendants' Motions to Dismiss must now be addressed. *See* 4/13/10 Notice, p. 3 (Docket No. 60) ("In the event the Court deems Defendants' Motions to Dismiss as Rule 12(b) motions to dismiss and not Rule 56 motions for summary judgment, Plaintiffs are now on notice that the briefing schedule will commence immediately after such a decision and may reflect a relatively quick response time, given the time that has elapsed to date since the filing of said motions."). Accordingly, Plaintiffs' responses to Defendants' Motions to Dismiss are now due on or before June 2, 2010; Defendants' replies in support of their respective Motions to Dismiss are now due on June 16, 2010.

**B.      Motion to Stay**

Defendants seek to stay discovery until the Court resolves their pending Motions to Dismiss. *See* Mot. to Stay & Joinder (Docket Nos. 52 & 55). Plaintiffs' opposition to Defendants' efforts to stay discovery are logically premised upon their request to convert the Motions to Dismiss into Motions for Summary Judgment. In fact, Plaintiffs' response to Defendants' Motion to Stay simultaneously serves as their brief in support of their Motion to Convert (*see* Docket No. 56). Notwithstanding the very limited requests for production permitted, if necessary, for Plaintiffs to secure complete copies of the credit agreements, engagement letters, and/or appraisals, Defendants' Motions to Dismiss will not be converted into Motions for Summary Judgment, thus driving the Court's consideration of Defendants' attempts

**MEMORANDUM DECISION AND ORDER - 7**

to stay discovery. Finding legal support and common sense favoring a general discovery stay at this time, Defendants' Motion to Stay is granted, pending further order of the Court.

## C. Motion to Seal

In support of its own Motion to Dismiss, C & W attached "confidential real estate appraisals prepared by C & W for its client, Credit Suisse." *See* Mem. in Supp. of Mot. to Seal, p. 2 (Docket No. 50, Att. 1). According to C & W, "it is common in the appraisal process for the appraiser to be provided confidential and proprietary commercial and financial information about the property in question", sometimes including "detailed development plans for the property, data regarding sales of lots or units to date, and detailed pricing and cost projections" and "often is confidential and proprietary." *See* Moran Decl., ¶ 3 (Docket No. 50, Att. 2). Through its Motion to Seal, C & W implies that the appraisals for Lake Las Vegas, Yellowstone Club, Tamarack Resort, and Ginn sur Mer constitute such confidential and proprietary information and, thus, should be sealed. *See id.* Based upon the existing record, the Court disagrees.

As C & W points out, a general right to inspect and copy judicial records/documents "'can be overridden given sufficiently compelling reasons for doing so.'" *See* Mem. in Supp. of Mot. to Seal, p. 2 (Docket No. 50, Att. 1) (quoting *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). C & W argues that, because the appraisals (1) designate the intended recipient of such information and (2) prohibit their publication without proper consent, compelling reasons exist to maintain their confidentiality by sealing them here. *See* Mem. in Supp. of Mot. to Seal, pp. 3-5 (Docket No. 50, Att. 1). Plaintiffs disagree, supplementing the record with information challenging C & W's position regarding the alleged limited availability and distribution of certain appraisals, or the information contained in such

**MEMORANDUM DECISION AND ORDER - 8**

appraisals, and their intended use.  *See* Opp. to Mot. to Seal, pp. 4-7 (Docket No. 56).  These apparent realities (coupled with C & W's failure to offer any reply to Plaintiffs' arguments against sealing) suggest to the Court that the nature of the appraisals was such that they were intended for others - not just Credit Suisse - or at a minimum, issued with an implicit understanding that they would be distributed and utilized in a broader universe.

Simply put, while C & W may have considered their appraisals to be proprietary and containing confidential information, the nature of the ultimate distribution and availability of the parts and pieces of such appraisals evaporates any credible argument that "compelling reasons" exist to seal such information in the case record.  C & W's burden is not satisfied on this record.  As a result, C & W's Motion to Seal is denied.

**D.     Motion/Request for Judicial Notice**

It is unclear whether Plaintiffs' Request for Judicial Notice (referenced as a "Motion" at Docket No. 69 in CMECF) is in need of any ruling.  To resolve any ambiguity, the Court will grant the Motion/Request for Judicial Notice and take judicial notice of a recent opinion in *Johnson v. KB Home*, 2010 WL 1268144 (D. Ariz. 2010).  As indicated during oral argument, however, *Johnson* deals with a litigant's ability to assert certain claims in response to a motion to dismiss; it is not a case that is particularly helpful in determining whether, here, Defendants' Motions to Dismiss should be converted into Motions for Summary Judgment - the issue presently in front of the Court.  *See, e.g.*, Request for Judicial Notice, p. 2 (Docket No. 69) ("Plaintiffs submit the *Johnson* opinion for the Court's consideration because it demonstrates that Plaintiffs, as homeowners, may properly state a RICO claim against the Defendants, as appraisers and lenders for conspiring to inflate appraised real estate values.").  While *Johnson*

**MEMORANDUM DECISION AND ORDER - 9**

may be helpful to Plaintiff in opposing Defendants' Motions to Dismiss, it did not significantly affect the Court's analysis with respect to Defendants' Motion to Convert.

## II.  ORDER

Based upon the foregoing, it is HEREBY ORDERED that (1) Plaintiffs' Motion to Convert (Docket No. 57) is DENIED; (2) Defendants' Motion to Stay (Docket Nos. 52 & 55) is GRANTED; (3) Defendant C & W's Motion to Seal (Docket No. 50) is DENIED; and (4) Plaintiffs' Motion/Request for Judicial Notice (Docket No. 69) is GRANTED.



DATED:  **May 11, 2010**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 10**