UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| L.J. GIBSON, BEAU BLIXSETH; AMY KOENIG, DEAN FRESONKE, VERN JENNINGS, TERRI FROEHLICH, MONIQUE LEFLEUR, and GRIFFEN DEVELOPMENT, LLC, each individually, and on behalf of PROPOSED Plaintiff CLASS Members of Tamarack Resort, Yellowstone Club, Lake Las Vegas and Ginn Sur Mer,<br><br>Plaintiffs,<br><br>vs.<br><br>CREDIT SUISSE AG, a Swiss corporation; CREDIT SUISSE SECURITIES (USA), LLC, a Delaware limited liability company, CREDIT SUISSE FIRST BOSTON, a Delaware limited liability corporation; CREDIT SUISSE CAYMAN ISLAND BRANCH, an entity of unknown type; CUSHMAN & WAKEFIELD, INC., a Delaware corporation and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No.: CV 10-1-EJL-REB<br><br>MEMORANDUM DECISION AND ORDER RE:<br><br>**(1)**<br><br>**Motion to Compel Cushman & Wakefield to Produce Appraisals Ordered by the Court in Footnote 3 of Document 73**<br><br>**(2)**<br><br>**Motion for Time Extension to File Opposition to Motions to Dismiss**<br><br>**(Docket No. 80)** |

Currently pending before Court are Plaintiffs' (1) Motion to Compel Cushman & Wakefield to Produce Appraisals Ordered by the Court in Footnote 3 of Document 73, and (2) Motion for Time Extension to File Opposition to Motions to Dismiss (Docket No. 80). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

In support of their Motions to Dismiss, Defendants referenced several exhibits, including credit agreements, engagement letters, and appraisals. In denying Plaintiffs' recent effort to convert these motions into motions for summary judgment, this Court nonetheless decided that Plaintiffs are entitled to the complete materials from which both Credit Suisse and C & W cite and rely upon. Specifically, in its May 11, 2010 Memorandum Decision and Order, the undersigned stated:

> [R]ecognizing this Court's broad discretion to manage discovery matters and to the extent Plaintiffs do not already possess such information (either independently or through Defendants' Motions to Dismiss), Plaintiffs are permitted to pursue limited discovery (1) to request from Credit Suisse complete copies (including amendments) of those exhibits referenced within David J. Lender's March 29, 2010 Declaration . . ., and (2) [to] request from C & W complete copies (including amendments) of those exhibits referenced within James J. Moran's March 26, 2010 Declaration . . . .

*See* 5/11/10 MDO, p. 5, fn 3 (Docket No. 73). Plaintiffs' Motion to Compel relates to the second of the two permissible areas of inquiry noted above - in particular, the first appraisals performed by C & W (or any of its subsidiaries) on Lake Las Vegas Residential Community and Golf Courses, Yellowstone Club, Tamarack Resort, and West End, later changed to Ginn sur Mer (identified as Exhibits A-D of Mr. Moran's Declaration).

Somewhat consistent with the Court's directive, Plaintiffs requested that C & W produce complete copies (including amendments and/or superseding documents) of the four appraisals attached to Mr. Moran's Declaration. *See* Ex. A to Mot. to Compel (Docket No. 80, Att. 2). In response, C & W specifically objected to Plaintiffs' request for "superseding" appraisals, but nevertheless produced complete copies of the first appraisals on Lake Las Vegas Residential

**MEMORANDUM DECISION AND ORDER - 2**

Community and Golf Courses, Yellowstone Club, Tamarack Resort, and West End/Ginn sur Mer.  *See* Ex. B to Mot. to Compel (Docket No. 80, Att. 3).  According to C & W, there were no amendments to these appraisals.  *See id*.

Now, through their Motion to Compel, Plaintiffs ask that C & W be ordered to produce all appraisals it performed on these same four properties with "as of" dates *after* the "as of" dates specified in Mr. Moran's Declaration.  *See, e.g.*, Mem. in Supp. of Mot. to Compel, p. 4 (Docket No. 80, Att. 1) (asking Court to enter order compelling C & W to immediately produce "all appraisals it performed on Lake Las Vegas Residential Community and Golf Courses with 'as of' dates after August 10, 2004 . . . .").

According to Plaintiffs, the Court's use of the terms "complete" and "amendments" within footnote 3 (*see supra* at p. 2) likewise incorporates C & W's subsequent appraisals on these same resorts; therefore, Plaintiffs argue that their requests for production were already blessed by the Court, and properly asked for these later appraisals.  *See* Mem. in Supp. of Mot. to Compel, p. 2 (Docket No. 80, Att. 1).  C & W disagrees, claiming that new appraisals with different "as of" dates are not "amendments" to (and do not "supersede") an earlier appraisal of the same property.  *See* Opp. to Mot. to Compel, p. 2 (Docket No. 86) ("Each appraisal is a stand-alone, independent report that is not reliant upon previously issued reports.").

## DISCUSSION

To be clear, at footnote 3 of the Court's May 11, 2010 Memorandum Decision and Order, the Court sought to ensure that Plaintiffs had access to the same materials that both Credit Suisse and C & W relied upon when moving to dismiss Plaintiffs' claims.  Those materials included the exhibits identified in Messrs. Lender and Moran's respective Declarations.  On this point, the

**MEMORANDUM DECISION AND ORDER - 3**

Court views those exhibits as being discrete, self-contained documents that offer support for Defendants' particular dismissal arguments. To respond to such arguments, Plaintiffs must be given the opportunity to have these same documents in their complete state. This was the limited intent of footnote 3.

It is abundantly clear that subsequent appraisals for each of these properties exist. However, when these later appraisals do not form the bases for C & W's Motion to Dismiss, the Court questions their corresponding import. This is not to say that the body of work C & W performed over time is insignificant to Plaintiffs claims in the abstract; indeed, the opposite may prove true. Until then, though, the Court is tasked with taking up the preliminary arguments raised in Defendants' Motions to Dismiss and Plaintiffs' retort. This can only be accomplished when all parties (and the Court) have equal access to the information used to support one another's position. With respect to the appraisals attached to Mr. Moran's Declaration, the Court is satisfied that Plaintiffs had (or at least, now have) complete copies of the same. As a result, Plaintiffs' Motion to Compel is denied, as is their corresponding Motion for Time Extension to File Opposition to Motions to Dismiss.

Again, the Court reiterates that, after more fully absorbing the arguments specific to Defendants' Motions to Dismiss, it may conclude that certain arguments are impermissible and, thus, excluded from the Court's consideration, and/or that some limited form of discovery is in order. *See* 511/10 MDO, pp. 6-7 (Docket No. 73) ("Still, while not now granting the relief Plaintiffs seek, the Court acknowledges that, after fully considering the briefing relative to Defendants' Motions to Dismiss, the Court may decide to exclude certain materials from its consideration or permit some form of discovery to address what the Court may otherwise

**MEMORANDUM DECISION AND ORDER - 4**

conclude is a mislabeled motion for summary judgment."). In the meantime, Plaintiffs' Motion to Compel is denied.

## ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that Plaintiffs' (1) Motion to Compel Cushman & Wakefield to Produce Appraisals Ordered by the Court in Footnote 3 of Document 73, and (2) Motion for Time Extension to File Opposition to Motions to Dismiss (Docket No. 80) are DENIED.



DATED:  **June 1, 2010**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 5**