UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| L.J. GIBSON, BEAU BLIXSETH; AMY KOENIG, DEAN FRESONKE, VERN JENNINGS, TERRI FROEHLICH, MONIQUE LEFLEUR, and GRIFFEN DEVELOPMENT, LLC, each individually, and on behalf of PROPOSED Plaintiff CLASS Members of Tamarack Resort, Yellowstone Club, Lake Las Vegas and Ginn Sur Mer,<br><br>     Plaintiffs,<br><br>     vs.<br><br>CREDIT SUISSE AG, a Swiss corporation; CREDIT SUISSE SECURITIES (USA), LLC, a Delaware limited liability company, CREDIT SUISSE FIRST BOSTON, a Delaware limited liability corporation; CREDIT SUISSE CAYMAN ISLAND BRANCH, an entity of unknown type; CUSHMAN & WAKEFIELD, INC., a Delaware corporation and DOES 1 through 100 inclusive,<br><br>     Defendants. | Case No.: 1:10 CV 001-EJL-REB<br><br>**MEMORANDUM ORDER** |

Pending before the Court in the above-entitled matter are the Defendants' Motions for Reconsideration and related Motions. The parties have fully briefed the Motions and the matters are ripe for the Court's review. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court

**MEMORANDUM ORDER- 1**

conclusively finds that the decisional process would not be significantly aided by oral

argument, the Motions shall be decided on the record before this Court without oral

argument.

## DISCUSSION

The instant Motions ask the Court to reconsider its prior Order adopting in part the

Report and Recommendation (Report) of Magistrate Judge Ronald E. Bush issued on

February 17, 2012. (Dkt. 198, 210.) The basis for the Motions centers around the

unsigned Declaration of Michael Miller (Miller Declaration) which was filed as an

attachment to the Affidavit of Plaintiffs' Counsel. (Dkt. 118-2, Aff. Huntley.) The

Defendants contend the Plaintiffs incorporated the unsigned Miller Declaration into their

Third Amended Complaint (TAC) filed on April 21, 2011. The Defendants further assert

that the Plaintiffs relied heavily on the unsigned Miller Declaration in their opposition to

the Motion to Dismiss both in writing and orally at the hearing before Magistrate Judge

Bush. (Dkt. 227 at 6-7) (Dkt. 253.) It now appears there was also a signed Affidavit of

Michael Miller (Miller Affidavit) which, the Defendants argue, is substantially different

and the existence of which Plaintiffs failed to disclose to the Court and counsel. (Dkt.

227, 253.) The Defendants assert the failure to disclose the existence of a materially

different signed Affidavit warrant reconsideration of the Court's prior Order which was

made based upon the representations made in the unsigned Declaration. In response,

Plaintiffs dispute that there is any significant difference between the two documents and

maintain they did not improperly withhold the information from the Court. (Dkt. 237,

**MEMORANDUM ORDER- 2**

271.) Cushman & Wakefield has also filed a related Motion to Strike and Motion for Leave to File Supplemental Brief. The Court takes up these Motions as follows.

**DISPOSITION**

**1.      Motion to Strike**

Cushman & Wakefield have filed a Motion to strike certain portions of the Declarations of Douglas Haney (Dkt. 238) and Christopher J. Conant (Dkt. 237-2) which were submitted by Plaintiffs in their opposition to the Motion for Reconsideration. (Dkt. 241.) Generally, the Motion asserts that certain statements contained in these Declarations: lack personal knowledge; are speculative, argumentative, conclusions or lay opinions, and lack foundation; are irrelevant; and/or are hearsay. Plaintiffs oppose the Motion to Strike as procedurally improper and asserts the evidentiary objections made therein are in error. (Dkt. 251.)

In ruling on the Motion for Reconsideration, neither the Haney nor Conant Declaration impacted the Court's ruling. As such, the Motion to Strike is Moot as it relates to the Motions ruled upon in this Order. To the extent those Declarations may be relevant to any matters pending before Magistrate Judge Bush, this Court renders no opinion and makes no ruling either way.

**MEMORANDUM ORDER- 3**

**2.      Motion for Leave to File Supplemental Brief**

Cushman & Wakefield filed a Motion for Leave to File a Supplemental Brief and

Motion to Seal the Supplemental Brief. The proposed supplemental brief is necessary,

Cushman & Wakefield argues, in light of the fact that Mr. Miller was deposed by the

parties after its Motion for Reconsideration was filed. Much of Mr. Miller's testimony

during that deposition, Cushman & Wakefield maintain, relates to the statements made in

his signed Affidavit and those attributed to him in the unsigned Declaration both of which

are at the heart of the Motion to Reconsider. (Dkt. 247.) The proposed supplemental brief

is filed as Docket Number 244. (Dkt. 244.)[1]

Plaintiffs oppose the request to file a supplemental brief maintaining there is no

difference between the unsigned Miller Declaration and signed Miller Affidavit and his

deposition testimony only confirms that Mr. Miller's statements in the unsigned

Declaration were true. (Dkt. 270.) Plaintiffs, however, do not object to the Court

reviewing Mr. Miller's deposition. In the event the Court allows the supplemental

briefing, Plaintiffs asks for leave to file their own response to the same. (Dkt. 270.)

The Court has considered the parties' arguments on this point in light of the record

and concludes that further briefing on the Motion for Reconsideration is unnecessary. The

---

[1] Docket Number 244 appears on the record as a "Motion to Seal Supplemental Brief" but is in fact the Supplemental Brief itself. (Dkt. 244.) The Motion to Seal was filed under Docket Number 242 asking that certain listed documents be sealed as the listed documents include a copy of Mr. Miller's deposition transcript and testimony which Mr. Miller's counsel has requested remain confidential pursuant to the terms of the Stipulated Protective Order. (Dkt. 242.) Although counsel later made a docket filing to "Disregard docket entry motion to seal" and the Court entered a corrective entry concerning the same, the Court has considered and granted the request to seal. (Dkt. 242, 243, 248.)

**MEMORANDUM ORDER- 4**

parties' arguments are well known to the Court concerning the matters surrounding Mr.

Miller. Supplemental briefing would not further assist the Court and the Motion is denied.

However, since there is no objection, the Court will review the transcript of Mr. Miller's

deposition in considering the Motion for Reconsideration.

**3.      Motion for Reconsideration by Cushman and Wakefield**

      **A.      Basis for Granting Reconsideration**

In support of their request for reconsideration, Cushman & Wakefield point to the

alleged improper actions of Plaintiffs' counsel concerning the Miller Declaration and

their failure to disclose the existence of the Miller Affidavit which, Cushman &

Wakefield argue, is substantially different. (Dkt. 227.) Cushman & Wakefield also

contend that the Plaintiffs incorporated the unsigned Miller Declaration into their TAC

and relied heavily on it in their opposition to the Motion to Dismiss; both in writing and

orally at the hearing before Magistrate Judge Bush without ever telling the Court about

the signed Miller Affidavit. (Dkt. 227 at 6-7.) Plaintiffs maintain there is no significant

difference between the two documents and that they did not improperly withhold the

information from the Court. (Dkt. 237.)

"A district court may reconsider its grant of summary judgment under either

Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule

60(b) (relief from judgment)." *School Dist. No. 1J, Multnomah County, Or. v. ACandS,*

*Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). The Ninth Circuit has identified three reasons

sufficient to warrant a court's reconsideration of a prior order under Rule 59(e): (1) an

**MEMORANDUM ORDER- 5**

intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice. *Id.* at 1263. Upon demonstration of one of these three grounds, the movant must then come forward with "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996). Similarly, a motion to reconsider could be deemed a Rule 60(b) motion, where relief would be available "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J*, 5 F.3d at 1263.

Reconsideration is appropriate here, Cushman & Wakefield argue, because error must be corrected, judicial efficiency demands it, there is newly discovered evidence, and it would be manifestly unjust to not do so. (Dkt. 227 at 8-9.) This is particularly true, Cushman & Wakefield asserts, in light of the fact that the Court previously granted its Motion to Dismiss as to the Second Amended Complaint (SAC) but denied its Motion to Dismiss as to the TAC based in large part upon the Miller Declaration. The Court has reviewed the parties' arguments and finds it appropriate under the circumstances here to grant the request for reconsideration.

**MEMORANDUM ORDER- 6**

Plaintiffs did put forth the Miller Declaration as one basis for supporting certain of its claims in the TAC and relied upon the same at the hearing before Magistrate Judge Bush. (Dkt. 131, 152, 153, and 194.) The fact that the Declaration is unsigned and it now appears there is a signed Affidavit which differs, at least in some respects, from the Declaration filed in this matter, the Court finds, justifies some reexamination. Accordingly, the Court has undertaken a review of its prior Order, the Report, the parties' arguments, and the record herein and finds as follows.

**B.      Reconsideration of the Court's Prior Order**

The Court's prior Order as to Cushman & Wakefield dismissed Plaintiffs' Fraud and Negligent Misrepresentation Claims as to certain Plaintiffs but not others, and dismissed Plaintiffs Breach of Fiduciary Duty and Consumer Protection Act Claims. (Dkt. 210 at 23.) The Order then denied the Motion to Dismiss as to the Tortious Interference Claim and Negligence Claim. (Dkt. 210 at 23.)

**i.      Claims Surviving the Motion to Dismiss TAC**

On the Tortious Interference Claim, the Court agreed with the Magistrate Judge in finding that the TAC's allegations were sufficient to withstand the Motion to Dismiss. (Dkt. 210 at 17-18.) The materials cited by the Court in support of its ruling on this claim do not rely upon the Miller Declaration. (Dkt. 210 at 17-18) (citing Dkt. 131 at ¶¶ 8, 77, 192-199.)) Accordingly, Cushman & Wakefield's arguments for reconsideration are not implicated as to this claim. Further, the Court finds Mr. Miller's statements and/or the difference between his signed Affidavit and unsigned Declaration do not change the Court's conclusions as to this claim  at this stage of the proceedings. But, as the Court

**MEMORANDUM ORDER- 7**

stated previously, surviving a motion for summary judgment will be a much greater

challenge for this claim. (Dkt. 210 at 18.)

As to the Negligence Claim, this Court again adopted the Magistrate Judge's

recommendation to deny the Motion to Dismiss concluding that the revised allegations in

the TAC stated a negligence claim. (Dkt. 210 at 19.) The portions of the TAC supporting

this conclusion do not rely upon the Miller Declaration and the signed Affidavit of Mr.

Miller does not change the Court's ruling on these claims. (Dkt. 210 at 19-20.) Moreover,

the materials provided concerning the discrepancies between Miller Affidavit and

Declaration do not change this Court's opinion concerning its ruling on the Negligence

Claim. The fact remains that upon the standard applicable for a Motion to Dismiss, the

TAC has stated allegations sufficient to defeat the Motion. (Dkt. 210 at 18-20.) The same

is true as to those claims for Fraud and Negligent Misrepresentation which survived the

Motion to Dismiss as to certain Plaintiffs. (Dkt. 210 at 20-22.)

### ii.    Breach of Fiduciary Duty Claim

Much of the Court's reliance on the Miller Declaration had to do with the

Plaintiffs' request to amend their third cause of action to include a claim for Breach of

Fiduciary Duty against Cushman & Wakefield. (Dkt. 130.) That claim had been

previously dismissed with prejudice as to Cushman & Wakefield as it was alleged in the

SAC. (Dkt. 126.) The request to amend was based primarily upon "newly-discovered

facts" being those of the Miller Declaration. (Dkt. 130, 144, 154, 194, 198.) Having

**MEMORANDUM ORDER- 8**

reviewed the relevant materials, this Court granted Plaintiffs leave to amend their third

cause of action as requested. (Dkt. 130, 144, 154, 194, 198, 210.)

In looking at the merits of the claim, the Report concluded that the TAC's

allegations are sufficient to give rise to a Breach of Fiduciary Duty Claim. (Dkt. 198 at

32-33.) The Report recommended that Cushman & Wakefield's Motion to Dismiss as to

the Plaintiffs' Breach of Fiduciary Duty Claim should be denied, relying on Paragraph

190 of the TAC which states:

> Defendant, Cushman & Wakefield, entered into an agreement with Credit
> Suisse to assist Credit Suisse in foisting the Loan to Own scheme based on
> Cushman & Wakefield's unlawful appraisals. Cushman & Wakefield is
> therefore a co-conspirator with Credit Suisse in the design, drafting, and
> launching of the illicit Total Net Value and Total Net Proceeds appraisal
> methodologies and appraisals is jointly and severally liable to the Plaintiff
> class under the breach of fiduciary duty claim of the Plaintiffs.

(Dkt. 198 at 33) (citing Dkt. 131 at ¶ 190; *see also id*. at ¶ 101, and p. 82, n. 5.) Paragraph

190 is one of the concluding paragraphs in the TAC as to the Third Cause of Action,

Breach of Fiduciary Duty against Credit Suisse and Cushman & Wakefield as co-

conspirators. (Dkt. 131 at 72-82, ¶¶ 173-191.) The Report also cites to footnote 5 of

Paragraph 190 of the TAC which states:

> The Court's ruling on the Report and Recommendation dismissed this
> Count against C&W with prejudice. The Complaint was drafted prior to
> discovery and filed on January 3, 2010. Within the last six weeks the C&W
> employee Michael Miller came forward with evidence of the complicity of
> C&W with Credit Suisse in designing and promulgating the illicit appraisals
> and the fact that both C&W and Credit Suisse executives were informed by
> him and others that the appraisals were violative of FIRREA, USPAP and
> standard appraisal methodologies. Since Cushman & Wakefield is a

**MEMORANDUM ORDER- 9**

co-conspirator with Credit Suisse, it is jointly and severally liable for the
breach of fiduciary duty and Plaintiffs are therefore filing a motion
simultaneously with the filing of this Third Amended Complaint for leave
to include this cause of action against coconspirator Cushman & Wakefield.

(Dkt. 198 at 33) (citing Dkt. 131at 82, n. 5.) The Report then concluded that "[t]hese

allegations, construed in Plaintiffs favor, allege a civil conspiracy between Credit Suisse

and Cushman & Wakefield." (Dkt. 198 at 33.)

This Court, however, disagreed with the Report concluding the allegations in the

TAC were insufficient to state a claim for Breach of Fiduciary Duty. (Dkt. 210 at 11.)

The Court rejected the allegations of a conspiracy as it related to the Breach of Fiduciary

Duty Claim. (Dkt. 210 at 13-16.)[2] On this point, the Court finds the Plaintiffs had relied

on the unsigned Miller Declaration to support their conspiracy theory between Cushman

& Wakefield and Credit Suisse in the TAC as well as allegations concerning other

individuals' and events which, they argue, evidence the alleged conspiracy. (Dkt. 131 at

¶¶ 57-79, 104, 106) (Dkt. 194 at 70-74, 78.) However, Mr. Miller's statements were just

one piece of new evidence Plaintiffs noted in distinguishing the claims made in the TAC

from those claims that were unsuccessful in the SAC. (Dkt. 194 at 70-74, 78.) Regardless,

this Court went on to determine that the claim failed to satisfy Rule 9(b), failed to allege

facts giving rise to an fiduciary duty owed by Defendants to Plaintiffs, and, in particular

as to Cushman & Wakefield, there is nothing alleged that creates a fiduciary duty

_____

[2] The Court did not, however, dismiss the conspiracy argument as it may be viable to any of the
surviving claims. (Dkt. 210 at 16 n. 7.) Because the other surviving claims relied upon evidence other
than the Miller Declaration, the Court's conclusion concerning this issue remains as stated in its prior
Order.

**MEMORANDUM ORDER- 10**

between it and the Plaintiffs. (Dkt. 210 at 13-14.) The Court then granted both

Defendants' Motions to Dismiss as to the claim for Breach of Fiduciary Duty. (Dkt. 210

at 16.) Thus, Cushman & Wakefield prevailed on their Motion to Dismiss as to the claim

in which Plaintiffs had most relied upon the unsigned Miller Declaration. Having

reconsidered the same on this Motion, the Court finds its ruling dismissing the Breach of

Fiduciary Duty Claim was correct. (Dkt. 210.)

**4.     Sealed Motion for Reconsideration by Credit Suisse**

On June 15, 2012, Credit Suisse filed its own Motion for Reconsideration of the

Court's Order on the Report. (Dkt. 253.)[3] As with Cushman & Wakefield above, in that

Order the Court considered the Report's recommendations as to Credit Suisse's Motion to

Dismiss the TAC. (Dkt. 210.) The Report recommended that the Motion to Dismiss

should be granted in part and denied in part. (Dkt. 134, 198.) Specifically, the Plaintiffs'

Fraud and Negligent Misrepresentation Claims be dismissed as to certain Plaintiffs and

not dismissed as to other Plaintiffs. The Report further recommended that the Breach of

Fiduciary Duty and Tortious Interference Claims not be dismissed and that the Unjust

Enrichment, Negligence, and Consumer Protection Act Claims be dismissed. (Dkt. 198.)

This Court adopted the Report's recommendations as to all of the claims against Credit

Suisse with the exception of the Breach of Fiduciary Duty Claim which this Court ruled

---

[3] The Motion includes a Motion for Order to Show Cause requesting sanctions against counsel for Plaintiffs concerning their failure to inform the Court of the existence of the signed Miller Affidavit. (Dkt. 253.) This question has been referred to Magistrate Judge Bush for his consideration along with a similar request made by Cushman & Wakefield regarding the same issue. This Court makes no ruling nor renders any opinion concerning that matter.

**MEMORANDUM ORDER- 11**

should be dismissed. (Dkt. 210.)

Credit Suisse's arguments that the Court's Order should be reconsidered are much the same as Cushman & Wakefield as they concern the same events surrounding the Declaration and Affidavit of Mr. Miller. For the reasons stated above, the Court agrees that the circumstances presented here warrant a review of the Court's prior Order and, to that extent, will grant Credit Suisse's Motion for Reconsideration.

In reviewing its prior Order the Court finds its ruling as to Credit Suisse's Motion to Dismiss remains the same even in light of the parties' arguments raised on reconsideration.  Credit Suisse contends the Negligence Claim relies upon the unsigned Miller Declaration but is unsupported by the newly revealed signed Miller Affidavit as well as Mr. Miller's Deposition Testimony. (Dkt. 253 at 13.) [4] The paragraphs of the TAC cited in the Report and this Court's Order as giving rise to the source of a duty sufficient to withstand the Motion to Dismiss are not nullified because of the discrepancies between the Miller Affidavit and Declaration or the testimony of Mr. Miller at his deposition. (Dkt. 210 at 19-20.) Credit Suisse's Motion seeks to argue over the evidence they believe Plaintiffs will offer to support the allegations made in the TAC. That is a question more appropriately considered at a later time whether it be on a motion for summary judgment

---

[4] Credit Suisse and Plaintiffs both present arguments concerning the impact of Mr. Miller's deposition which was conducted after the briefing on Cushman & Wakefield's Motion for Reconsideration was completed. The Court has reviewed Mr. Miller's deposition transcript. As with Cushman & Wakefield's Motion above, the Court has also reviewed its prior Order concerning Credit Suisse's Motion to Dismiss in light of the parties' arguments, the Miller Affidavit and Declaration, and the record herein. For the same reasons stated herein, the Court concludes its ruling in the prior Order was correct even considering the arguments raised in the instant Motion by Credit Suisse. (Dkt. 210.)

**MEMORANDUM ORDER- 12**

or at trial; it is not the question before the Court on the Motion to Dismiss. As the Court

stated in its prior Order, the allegations in the TAC as to the Negligence Claim are

sufficient for purposes of the Motion to Dismiss. (Dkt. 210 at 20.) The signed Miller

Affidavit and his testimony at the deposition does not change that ruling.

As to the other claims which the Court has denied the Motion to Dismiss, Credit

Suisse has not, aside from generalized statements, presented specific arguments

concerning the reconsideration of those particular claims. (Dkt. 253.) Regardless, the

Court has reviewed those claims and determined its prior Order remains the correct ruling

even considering the Miller Affidavit and Declaration as well as Mr. Miller's deposition

testimony. (Dkt. 210.) As such, the Court's prior Order (Dkt. 210) remains the ruling of

the Court as to Credit Suisse's Motion to Dismiss.

## 5.    Conclusion

The Court having reviewed all of the record, the parties' arguments, and the many

filings made concerning this matter, has determined reconsideration of its prior Order is

appropriate in this case given the circumstances surrounding the Declaration and

Affidavit of Mr. Miller. In its reconsideration, the Court has expended a great deal of time

and resources to unravel the tangle submitted to it in the barrage of filings made

concerning this question. In the end, the result remains the same as the Court had

previously ruled. (Dkt. 210.) In reaching this conclusion the Court does not condone nor

make any ruling one way or another concerning the actions of counsel in regards to this

matter as those questions are before Magistrate Judge Bush. This Court does, however,

**MEMORANDUM ORDER- 13**

note that this matter has been pending for some time now and although a great many

filings have been made, the case has yet to proceed beyond the initial motion stage, i.e.

discovery and dispositive motions have yet to be completed and/or filed. Much of the cost

and delay already incurred in this case could be alleviated, it seems, were the parties to

pursue a more civil course of conduct in this matter and pursue a more economical and

judicious course to resolution of the case. To that end, the Court encourages the parties to

consider whether either mediation or some other form of settlement negotiations would be

fruitful. If so, the parties should jointly advise the Court of the same.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1) Motion for Reconsideration (Dkt. 227) is **GRANTED IN PART AND DENIED IN PART**. The Court has reconsidered its ruling on the Motion to Dismiss (Dkt. 136) and concluded it correctly decided the matter in its prior Order (Dkt. 210); which remains the decision of this Court on the Motions decided therein.

2) Motion to Strike (Dkt. 241) is **MOOT** as it applies to the Motions decided in this Order.

3) Motion for Leave to File Supplemental Brief (Dkt. 247) is **DENIED**.

**MEMORANDUM ORDER- 14**

4)      Sealed Motion for Reconsideration (Dkt. 253) is **GRANTED IN PART AND DENIED IN PART**. The Court has reconsidered its prior Order (Dkt. 210) and concluded it correctly decided the matter. Thus, the Court's Order (Dkt. 210) remains the decision of this Court on the Motions decided therein. The Motion's request for Order to Show Cause (Dkt. 253) is referred to Magistrate Judge Bush for his consideration.

DATED:  October 26, 2012

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER- 15**