# UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| L.J. GIBSON, BEAU BLIXSETH, AMY KOENIG, VERN JENNINGS, MARK MUSHKIN, MONIQUE LAFLEUR, and GRIFFEN DEVELOPMENT, LLC, JUDY LAND, and CHARLES DOMINGUEZ, each individually, and on behalf of others similarly situated<br><br>    Plaintiffs,<br><br>    vs.<br><br>CREDIT SUISSE AG, a Swiss corporation; CREDIT SUISSE SECURITIES (USA), LLC, a Delaware limited liability company, CREDIT SUISSE FIRST BOSTON, a Delaware limited liability corporation; CREDIT SUISSE CAYMAN ISLAND BRANCH, an entity of unknown type; CUSHMAN & WAKEFIELD, INC., a Delaware corporation and DOES 1 through 100 inclusive,<br><br>    Defendants. | Case No.: CV 10-1-EJL-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: MOTION FOR APPROVAL OF LENDER AGREEMENT**<br><br>**(Docket No. 410)** |

Currently pending before the Court is Plaintiffs' Motion for Approval of Lender Agreement (Docket No. 410). Having carefully considered the record and otherwise being fully advised, the Court is not persuaded that there is any purpose to be served by further consideration of the Motion in the present procedural context of this case, and therefore also concludes that a decision upon the Motion will not be aided by additional briefing or argument. Accordingly, the Court DENIES the Motion for the reasons described to follow:

The so-called "Lender Agreement" is a means by which Timothy Blixeth has staked an interest in this lawsuit. Timothy Blixeth's prominent place in the underlying facts of this

**MEMORANDUM DECISION AND ORDER - 1**

lawsuit, in connection with the Yellowstone Club development in Montana, has been described elsewhere in the record of this lawsuit, and that connection will not be repeated here.  For these purposes, the most significant part of those facts is that Timothy Blixeth was the primary individual involved in developing the Yellowstone Club, through ownership or controlling interests he had in the development businesses.  *See* Mem. in Supp. of Mot. to Intervene (Docket No. 159, Att. 1).  He is neither a plaintiff, nor a proposed class representative.  His son, Beau Blixeth, is.   In general terms, the nature of the "Lender Agreement" (which has been changed over time) calls for Timothy Blixeth to pay the expenses of this lawsuit, in exchange for a substantial stake in any award or recovery that might be obtained.  *See* Lender Agreement (Docket No. 410, Att. 1).

First, the undersigned has already issued a Report and Recommendation concerning Plaintiffs' Motion to Certify Class.  *See* Rpt. & Recomm. (Docket No. 409).  Objections have been filed by Plaintiffs and Defendants, and those objections are now pending before Judge Lodge.  The Lender Agreement was referenced within the Report and Recommendation. However, the Court's decision did not turn upon, and was reached independently of, the Lender Agreement.  *See id*. at p. 18, n.9 ("However, in light of the undersigned's consideration of the predominance criteria of FRCP 23(b)(3), the Court makes no direct ruling on this potential roadblock [the Lender Agreement] in this Report and Recommendation.").  Therefore, in the context of what is now before the Court, there is no need to approve the Lender Agreement, as Plaintiffs seek to have this Court do in granting their latest Motion.  Indeed, doing so would amount to an unnecessary advisory opinion on facts and circumstances that may or may not be the same if and when there is any need for the issue to be addressed by the Court.  *In re Dumont*,

**MEMORANDUM DECISION AND ORDER - 2**

581 F.3d 1104, 1112 (9th Cir. 2009) (" . . . it is a rule of long standing that federal courts may not issue advisory opinions.").

Second, any issues raised by the nature of Timothy Blixseth's purported "funding" of this lawsuit on Plaintiffs' behalf have been present from the beginning of any involvement he had in the matter, and have been a part of the adversary tug-of-war in this case for several years now. The fact of Timothy Blixeth's "lender" involvement was not referenced in the Plaintiffs' Complaint (or any of its amended versions), and the Court is not suggesting here that it would have been appropriate to do so. However, the possible issues raised by such arrangements, particularly in the context of an attempt to prosecute a class action lawsuit on behalf of parties not yet even a part of any such lawsuit (and who, *ipso facto*, could not have been a party to any agreement conveying away some portion of any rights or recovery to which they might be entitled), have already surfaced, at least in some part even if not in their entirety. Hence to the extent that Plaintiffs are now seeking to describe to and persuade the Court that it was the right thing for Timothy Blixeth to be involved in this case in such a manner as a part of somehow persuading the Court of the rightness of their position on the issues raised in the prior motion practice, they have had an opportunity to do so. To open the door to such a otion and further briefing on this discrete point is to open the door for additional motions and briefing on other discrete points of the larger decision, all prompted by a conclusion drawn in hindsight that a party would prefer to have more information put before the Court on some particular factual or legal issue mentioned in the decision.

In the Court's view, there is simply no good purpose to be served in the present procedural context of this case for the Court to consider a request for judicial approval of a

**MEMORANDUM DECISION AND ORDER - 3**

contractual arrangement previously made between Timothy Blixeth, attorneys for the Plaintiffs, and the Plaintiffs themselves.  The Motion, and any record developed upon the Motion, becomes an unnecessary addition to the existing record, resulting in yet more of a written record and argument piled on top on an already ponderous pile, and will threaten to further slow the progress of a case that has taken much longer than is ideal already.

Accordingly, Plaintiffs' Motion for Approval of Lender Agreement (Docket No. 410) is DENIED.

IT IS SO ORDERED.



DATED:  **September 3, 2013**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 4**