# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| L.J. GIBSON, BEAU BLIXSETH; AMY KOENIG, VERN JENNINGS, MARK MUSHKIN, MONIQUE LEFLEUR, and GRIFFEN DEVELOPMENT, LLC, JUDY LAND, and CHARLES DOMINGUEZ each individually, and on behalf of other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CREDIT SUISSE AG, a Swiss corporation; CREDIT SUISSE SECURITIES (USA), LLC, a Delaware limited liability company, CREDIT SUISSE FIRST BOSTON, a Delaware limited liability corporation; CREDIT SUISSE CAYMAN ISLAND BRANCH, an entity of unknown type; CUSHMAN & WAKEFIELD, INC., a Delaware corporation and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No.: 1:10-cv-00001-EJL-REB<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

# INTRODUCTION

On July 31, 2014, United States Magistrate Ronald E. Bush issued a Report and Recommendation ("Report"), recommending that Plaintiffs' Renewed Motion for Partial Summary Judgment and Motion for Leave to File Fourth Amended Complaint be denied.

**ORDER ON REPORT AND RECOMMENDATION- 1**

(Dkt. 510.)[1] Any party may challenge the Magistrate Judge's proposed recommendation by filing written objections within fourteen days after being served with a copy of the Report. 28 U.S.C. § 636(b)(1)(C).

Plaintiffs filed objections to the Report arguing it erred in denying its Motion for Partial Summary Judgment. (Dkt. 513.) Plaintiffs also filed a related Motion to Take Judicial Notice. (Dkt. 512.) The Defendants have filed responsive briefing to the Plaintiffs' objections and Motion to Take Judicial Notice. (Dkt. 521-23.) The matter is now ripe for the Court's consideration. *See* Local Civ. R. 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." *See also* Fed. R. Civ. P. 72(b). Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal

---

[1] The document also contained a Memorandum Decision and Order denying Defendant Cushman & Wakefield's Motion to Exclude Expert Testimony.

**ORDER ON REPORT AND RECOMMENDATION- 2**

citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

In this case, Plaintiffs have filed objections. Therefore, the Court has conducted a *de novo* review of those portions of the Report. The Court has also reviewed the entire Report as well as the record in this matter for clear error on the face of the record and finds as follows.

## DISCUSSION

1. **Renewed Motion for Partial Summary Judgment**

Plaintiffs renewed their Motion for Partial Summary Judgment which requests that the Court make nine particular rulings as a matter of law. (Dkt. 421.) The Report denied the Motion finding, in short, it cannot be determined upon the current record that the Financial

Institutions Reform, Recovery and Enforcement Act of 1989, 12 U.S.C. § 3331, et seq., ("FIRREA") applies in this case. (Dkt. 510.) Specifically, the Report concluded that it could not find as a matter of law that FIRREA applied to the appraisals because questions of fact exist as to whether those appraisals 1) involve financial institutions and 2) that they were made in connection with federally related transactions. (Dkt. 510 at 17-21.) The Report also concluded that questions of fact precluded entry of summary judgment on the requested rulings implicating the Uniform Standards of Professional Appraisal Practice ("USPAP"). (Dkt. 510 at 22-23.) The Report also found that the requested rulings relating to the USPAP essentially seek an advisory ruling from the Court on matters not tied to any claim for relief. (Dkt. 510 at 23.)

In their objections, Plaintiffs maintain that FIRREA applies to the loan transactions in this case as a matter of law and, therefore, summary judgment is appropriate. (Dkt. 513.) Plaintiffs argue 12 U.S.C. § 1813(c)(3) and the Code of Federal Regulations ("CFR") adopted and implemented by the FDIC make FIRREA applicable to the loan transactions in this case. (Dkt. 513 at 2.) Plaintiffs further object to the Reports failure to grant summary judgment as to its requested rulings involving compliance with USPAP. (Dkt. 513 at 12-19.)

### A. Judicial Notice

In conjunction with their objections to the Report, Plaintiffs have filed a Motion asking the Court to take judicial notice of two documents both dated May 19, 2014:

1. A Cease and Desist and Order of Assessment of Civil Penalty entered by the Board of Governors of the Federal Reserve System against

**ORDER ON REPORT AND RECOMMENDATION- 4**

    Credit Suisse AG in another case; and

2. A Statement of Facts entered into between the United States and Credit Suisse AG in a Eastern District of Virginia criminal case 1:14-CR-188.

(Dkt. 512) (Dkt. 513 at 2.) Plaintiffs argue these documents establish that Credit Suisse 1) is subject to the provisions of 12 U.S.C. § 1818 and 2) operates as a financial holding company regulated by the Federal Reserve. As such, Plaintiffs argue, Credit Suisse is a Federally regulated institution under FIRREA. (Dkt. 512.) Defendants oppose the request for judicial notice arguing the Plaintiffs improperly delayed providing these documents to the Court, which were available in May of 2014, until after the Report in this case was issued on July 31, 2014. (Dkt. 521.)

  Oral argument on the Motion for Partial Summary Judgment in this case was held by the Magistrate Judge on April 29, 2014 - approximately twenty days before these two documents existed. At the oral argument, as noted in Plaintiffs' Motion, the Magistrate Judge inquired of counsel for Credit Suisse as to whether there had been any other rulings by other bodies as to whether Credit Suisse operates Federally regulated institutions under FIRREA. (Dkt. 512 at 2.) Counsel for Credit Suisse responded that there were no such rulings. The documents were then subsequently issued on May 19, 2014 but were never brought to the attention of the Magistrate Judge for his consideration in this case before the Report was issued on July 31, 2014.

  Rule 201 governs judicial notice of an adjudicative fact and provides that a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally

**ORDER ON REPORT AND RECOMMENDATION- 5**

known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In reviewing the Report, under Rule 72(b) this Court may, in its discretion, receive further evidence and/or allow supplementation to the record by entertaining additional evidence. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b).

Defendants argue the Court should decline to allow the additional evidence not brought before the Magistrate Judge because Plaintiffs had ample opportunity to present it before the Report was issued and have instead waited until after the Report was completed to make the Court aware of the materials. Additionally, Defendants argue the material is irrelevant to the issue of FIRREA's applicability. (Dkt. 521 at 5.)

The Court has reviewed the materials in question and agrees the timing of the request makes taking judicial notice improper. The materials were clearly known to Plaintiffs for some time before the Report was issued and yet neither the documents nor Plaintiffs' arguments regarding the same were made known to opposing counsel or the Court in such a fashion so as to allow all of the parties as well as the Court to properly address the same. Even if the Court were to take judicial notice of the documents, doing so would only be to notice the fact that the documents exist. More importantly, the documents do not support Plaintiffs' arguments.

Plaintiffs point to the following statements in each of the documents which, they argue, establish the fact that FIRREA's regulations apply to Credit Suisse:

> WHEREAS, Credit Suisse is subject to the jurisdiction of the Board of Governors under the IBA and section 8 of the Federal Deposit Insurance Act ("FDI Act") (12 U.S.C. §1818);

(Dkt. 512 at Appx. A.)

> CREDIT SUISSE AG, a corporation organized under the laws of Switzerland, directly and through its parent, subsidiaries and affiliates, operates a global financial services business in more than 50 countries with over 45,000 employees, including 9,000 U.S. employees. In the United States, CREDIT SUISSE operates as a Financial Holding Company regulated by the Federal Reserve. CREDIT SUISSE offers private banking and wealth management services to over two million clients, focusing on ultra-high-net-worth and high-net-worth individual clients around the globe, including U.S. citizens, legal permanent residents, and resident aliens, located within the Eastern District of Virginia and elsewhere.

(Dkt. 512 at Appx. B.) The Court finds that these statements do not, as a matter of law, establish that the Credit Suisse entities in this case are subject to FIRREA's requirements.

Neither of the two documents show, as a matter of law, that the Defendants in this case are subject to FIRREA regulation. FIRREA applies to federally regulated transactions of insured depository institutions. In order for the Defendants to be subject to FIRREA's requirements it must be shown that the appraisals 1) involve "financial institutions" and 2) were made in connection with "federally related transactions" – as each of those terms are defined by FIRREA. Neither of these documents evidence that any of the Defendants are insured depository institutions or that they accepted insured deposits. Instead, the parties here dispute whether the Credit Suisse entities named in this case maintain or accepted FDIC insured deposits and, therefore, are "insured depository institutions" subject to FIRREA.

Both documents that are the subject of the Motion to Take Judicial Notice are entered

**ORDER ON REPORT AND RECOMMENDATION- 7**

against Credit Suisse, AG, a bank corporation organized under the laws of Switzerland and, Defendants claim, is regulated by the Swiss Financial Market Supervision Authority. (Dkt. 512, Appx. A, B) (Dkt. 522.) The lender for the loans in question in this case is Credit Suisse AG, Cayman Islands Branch, which is regulated by the Cayman Islands Monetary Authority. The other entity named in this action is Credit Suisse First Boston LLC, now known as Credit Suisse Securities (USA), LLC, whom the Defendants claim is not a bank and does not accept deposits. The Order to Cease and Desist was brought against Credit Suisse AG pursuant to the International Banking Act, 12 U.S.C. § 3101, *et seq*., which subjects that entity to the jurisdiction of the Federal Reserve as a foreign bank with branches in the United States. That is an entirely different enforcement provision than FIRREA. The Statement of Facts entered against Credit Suisse AG in the criminal action likewise does not establish as a matter of law that the Defendants in this case accepted or received insured deposits.

Based on the foregoing, the Court denies the Motion to Take Judicial Notice as it is untimely and improperly raises new evidence and arguments not brought before the Magistrate Judge. Even if the two documents were considered, the Court finds that they do not change the outcome of the Court's ruling on Plaintiffs' Motion for Partial Summary Judgment as they fail to establish as a matter of law that either FIRREA or USPAP apply in this case.

### B. Plaintiffs' Objections to the Report arguing FIRREA applies

Plaintiffs argue the Report erred in determining that questions of fact preclude

summary judgment on the questions relating to whether or not the requirements of FIRREA apply in this case. (Dkt. 513.) Defendants disagree and argue the Report properly addressed this issue. (Dkt. 522, 523.)

The parties agree, as does this Court, with the law as stated in the Report that in order for the Defendants to have been subject to FIRREA's requirements it must be shown that the appraisals 1) involve "financial institutions" and 2) were made in connection with "federally related transactions" – as each of those terms are defined by FIRREA. (Dkt. 510 at 13-18.) The Court has reviewed the record *de novo* as applicable on this question, including the materials cited in the parties' initial briefing on the Motion as well as the materials relied upon in their objections, and finds the Report has properly decided the issue. There are material questions of fact in dispute on the issue of whether FIRREA applies in this case that preclude summary judgment as to many of the Plaintiffs' requested rulings. This Court is in agreement with the Report's discussion on the matter and will adopt the same in its entirety. Additionally, as noted above, the newly styled arguments and materials presented by Plaintiffs in their objections do not change this outcome. If anything, the Plaintiffs objections serve to only highlight the fact that summary judgment on this issue is precluded by many disputed material facts.

### C. Plaintiffs' Objections to the Report regarding USPAP

Plaintiffs also cite error in the Report's failure to consider whether the Uniform Standards of Professional Appraisal Practice ("USPAP") applies here. (Dkt. 513 at 16.)

Plaintiffs argue the Defendants have conceded that the USPAP was violated. (Dkt. 513 at 10.) Defendants counter that they have not conceded anything as to USPAP and argue instead that USPAP compliance is disputed. (Dkt. 522 at 13) (Dkt. 523 at 15.) The Defendants maintain that the Report properly addressed the USPAP compliance issue and agree that any ruling regarding the applicability of USPAP would be an inappropriate advisory opinion. (Dkt. 522 at 12-16) (Dkt. 523 at 14-18.)

This Court has conducted a *de novo* review of the record on this question and is in agreement with the Report's discussion and analysis of this issue. The expert reports, emails, and other evidence which Plaintiffs argue are "unrefuted" are, in fact, heavily disputed in this case. The CFRs pointed to by Plaintiffs also do not resolve the question as a matter of law. Furthermore, this Court is in agreement with the Report's conclusion that any findings regarding the application of USPAP to the appraisals here is an advisory ruling unlinked to any claim and, therefore, inappropriate for resolution at the summary judgement stage. For these reasons, this Court adopts the Report's discussion and analysis in its entirety.

### D.     Credit Suisse's Request for Summary Judgment

In its response to the Plaintiffs' objections, Credit Suisse included a request that the Court enter partial summary judgment in its favor on three particular rulings concerning FIRREA. (Dkt. 522 at 17-18.) While it is true that summary judgment may be entered *sua sponte* against a moving party, in this case the Court finds the disputed facts precluding Plaintiffs' Motion for Partial Summary Judgment likewise precludes Credit Suisse's request

for the same. It cannot be said upon the present record, as a matter of law, whether or not FIRREA applies in this case.

2.  **Motion for Leave to File Fourth Amended Complaint**

Plaintiffs have filed a Motion for Leave to File a Fourth Amended Complaint to add several new Plaintiffs, correct the corporate designation of the Defendants, and adjust the amount of damages claimed. (Dkt. 451.) The Report appropriately considered this Motion in light of the many factors that are impacted by such an amendment in both this case as well as the relatedly filed case, all while keeping in mind the interests in judicial economy, preservation of judicial resources, and need for a timely resolution of this matter. Having done so, the Report recommends that the Motion be denied without prejudice at this time with leave to renew the same being granted subject to particular direction given to both sides regarding the renewal of the Motion.

Neither Plaintiffs nor Defendants have not objected to this portion of the Report. (Dkt. 513, 522, 523.) This Court has considered the Report recommended approach to the request to amend and finds it to be a well reasoned resolution and approach going forward. Accordingly, the Court will adopt the Report's discussion on this Motion and incorporate and adopt the same herein.

# ORDER

Having conducted a *de novo* review of the Report and Recommendation, this Court finds that Magistrate Judge Bush's Report and Recommendation is well founded in law and

**ORDER ON REPORT AND RECOMMENDATION- 11**

consistent with this Court's own view of the evidence as stated herein. Acting on the recommendation of Magistrate Judge Bush, and this Court being fully advised in the premises, **IT IS HEREBY ORDERED** that the Report and Recommendation entered on July 31, 2014 (Dkt. 510), should be, and is hereby, **INCORPORATED** by reference and **ADOPTED IN ITS ENTIRETY**.

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1) Plaintiffs' Renewed Motion for Partial Summary Judgment (Dkt. 421) is **DENIED**.

2) Plaintiffs' Motion for Leave to File Fourth Amended Complaint (Dkt. 451) is **DENIED** without prejudice, with the following understanding going forward:

   a) Plaintiffs are permitted to renew their Motion for Leave to File Fourth Amended Complaint on or before **October 3, 2014**;

   b) Plaintiffs may conditionally add the proposed additional 60 Plaintiffs and the "LLC" designation to the titles of two of the Credit Suisse Defendants;

   c) The causes of action raised on behalf of the 60 additional Plaintiffs in the Fourth Amended Complaint shall be limited to only two claims for tortious interference with contract and negligence;

   d) Plaintiffs shall include in the Fourth Amended Complaint those allegations necessary to establish this Court's jurisdiction over the new parties and their individual claims;

   e) Defendants are permitted to oppose any renewed Motion for Leave to File Fourth Amended Complaint consistent with the applicable rules governing such a filing;

   f) Any opposition filed by Defendants shall not include arguments previously raised in either their opposition to Plaintiffs' original Motion for Leave to File Fourth Amended Complaint (beyond any

jurisdictional arguments) or Motions to Dismiss.

3) Plaintiffs' Motion to Take Judicial Notice (Dkt. 512) is **DENIED**.

DATED: **September 19, 2014**

_____
Honorable Edward J. Lodge
United States District Judge

**ORDER ON REPORT AND RECOMMENDATION- 13**