# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| L.J. GIBSON, BEAU BLIXSETH; AMY KOENIG, VERN JENNINGS, MARK MUSHKIN, MONIQUE LEFLEUR, and GRIFFEN DEVELOPMENT, LLC, JUDY LAND, and CHARLES DOMINGUEZ each individually, and on behalf of other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CREDIT SUISSE AG, a Swiss corporation; CREDIT SUISSE SECURITIES (USA), LLC, a Delaware limited liability company, CREDIT SUISSE FIRST BOSTON, a Delaware limited liability corporation; CREDIT SUISSE CAYMAN ISLAND BRANCH, an entity of unknown type; CUSHMAN & WAKEFIELD, INC., a Delaware corporation and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No.: 1:10-cv-00001–JLQ<br><br>**MEMORANDUM DECISION AND ORDER ON REFERRED MOTION** |

Before the Court in the above-entitled matter is Plaintiffs' Motion for Stay of Order on Sanctions Pending Appeal. (Dkt. 535.) The Plaintiffs seek a stay of this Court's Order affirming and adopting the Magistrate Judge's Order imposing sanctions in this case. (Dkt. 531, 352.) The parties have filed their responsive briefing and the matter is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the

**MEMORANDUM DECISION AND ORDER - 1**

decisional process would not be significantly aided by oral argument, this Motion shall be decided on the record before this Court without oral argument.

## Standard of Review

In considering a motion to stay pending appeal, the factors regulating the issuance of a stay are: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Nken v. Holder*, 556 U.S. 418, 433 (2009). The first two factors are the "most critical." *Nken*, 556 U.S. at 434.

As to the first factor, the Ninth Circuit has characterized a "strong showing" to include "reasonable probability," "fair prospect," "substantial case on the merits," and "serious legal questions ... raised." *Leiva–Perez v. Holder*, 640 F.3d 962, 967–68 (9th Cir. 2011). These are "largely interchangeable" descriptions which each require the movant to show that "at a minimum...that there is a substantial case for relief on the merits." *Lair*, 697 F.3d at 1204; *Leiva–Perez*, 640 F.3d at 967–68. In regards to the second factor, the movant must demonstrate that there is a probability that he or she will suffer an irreparable injury if the stay is not granted. *Lair*, 697 F.3d at 1215; *Leiva–Perez*, 640 F.3d at 969.

"A stay is not a matter of right, even if irreparable injury might otherwise result," rather, a stay is "an exercise of judicial discretion" and the "propriety of its issue is dependent upon the circumstances of the particular case." *Nken*, 556 U.S. at 433-34 (2009);

**MEMORANDUM DECISION AND ORDER - 2**

*Lair*, 697 F.3d at 1203. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.*

**Discussion**

The Motion to Stay reasserts the same arguments raised by Plaintiffs in their filings concerning the Motion for Sanctions which this Court has previously considered and ruled upon. In particular, Plaintiffs argue they have a substantial likelihood of success on the merits of their claims and will suffer irreparable injury absent a stay. (Dkt. 535.) Defendants argue the Plaintiffs have mischaracterized the facts and they have failed to show a likelihood of success on the merits. (Dkt. 549.) Defendants further assert the sanctions were warranted and proper and that Plaintiffs were afforded more than adequate due process. (Dkt. 549.) In reply, the Plaintiffs challenge the Defendants' recitation of the record and adhere to their claim that they are likely to succeed on appeal. (Dkt. 554.)

The Plaintiffs' arguments concerning the first factor, the likelihood of success on the merits, are a recitation of the same arguments raised in the many prior filings made concerning the sanctions Motion. The Court has again reviewed those same arguments and, for the reasons stated in its Order affirming the Magistrate Judge's ruling imposing sanctions, which are specifically referenced and incorporated herein, the Court finds the Plaintiffs have failed to demonstrate a strong likelihood of success on the merits of their appeal. (Dkt. 352.)

As to the remaining factors, Plaintiffs argue they will suffer irreparable injury, the balance of the equities tip in their favor as Defendants will not suffer substantial harm, and the public interest favors entering a stay. (Dkt. 535.) The irreparable injury Plaintiffs' counsel allege they will suffer is the professional stigma sanctioned attorneys are subject and the possibility of investigations, inquiries, and possible disciplinary action by the many relevant bar jurisdictions concerning possible ethical violations. (Dkt. 535 at 9-10.) The Court agrees the probable injury to counsels' professional reputation is irreparable and potentially significant. As to the remaining factors, the Court finds the Defendants will suffer no damage if the stay is granted and the public interests weighs in favor of granting the stay.

Based on the foregoing, the Court will grant the Motion for Stay Pending Appeal. Although the Plaintiffs have failed to identify a strong likelihood of success on the merits, the remaining factors weigh in favor of granting the stay. The Court finds the potential injury that counsel for Plaintiffs face from the sanctions Order is irreparable and that the remaining factors also weigh in favor of granting the stay. Accordingly, the Court will grant the Motion to Stay the Sanctions Order Pending Appeal. The Court will also order that the two pending Motions for Attorney Fees, and the remaining briefing deadlines for those Motions, that relate to the Sanctions Order are also stayed pending the Ninth Circuit's ruling on the appeal filed in this case. (Dkt. 551, 552.) Counsel for Plaintiffs is directed to notify this Court within five days of the Ninth Circuit issuing its ruling on their Petition for Writ of Mandamus.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that the Motion to Stay (Dkt. 535) is **GRANTED** as follows:

1) The Order on Sanctions (Dkt. 531) is **STAYED**.

2) The Plaintiffs shall notify the Court within five (5) days of the Ninth Circuit ruling on their Appeal and Petition for Writ of Mandamus.

3) The Motions for Attorney Fees (Dkt. 551, 552) and remaining briefing deadlines on those Motions are **STAYED**.

DATED: **January 7, 2015**

Honorable Edward J. Lodge
U. S. District Judge