1

2              UNITED STATES DISTRICT COURT

3                   DISTRICT OF IDAHO

4

5   L.J. GIBSON, BEAU BLIXSETH; AMY          NO. 1:10-CV-00001-JLQ
    KOENIG, VERN JENNINGS, MARK
6   MUSHKIN, MONIQUE LAFLEUR,
    GRIFFEN DEVELOPMENT, LLC, JUDY           **MEMORANDUM OPINION AND**
7   LAND, CHARLES DOMINGUEZ, et al,          **ORDER DENYING**
                                             **DEFENDANTS' MOTION TO**
8                                            **STRIKE**
            Plaintiffs,
9

10          v.

11  CREDIT SUISSE AG, a Swiss corporation;
    CREDIT SUISSE SECURITIES (USA), LLC,
12  a Delaware limited liability company, CREDIT
    SUISSE FIRST BOSTON LLC, a Delaware
13  limited liability corporation; CREDIT SUISSE
    AG, CAYMAN ISLAND BRANCH, an entity
14  of unknown type; and CUSHMAN &
    WAKEFIELD, INC., a Delaware corporation,
15
16
            Defendants.
17

18

19                    **I.    Introduction**

20      BEFORE THE COURT is Defendants' Motion to Strike Plaintiffs' Appraisal

21  Rebuttal Reports. ECF No. 702. Credit Suisse seeks to strike two of the rebuttal expert

22  real property appraisal reports filed by Plaintiffs because, claims Defendants, the two

23  reports appraising additional properties do not constitute rebuttal testimony and the

24  untimely filing was not substantially justified or harmless. *See* ECF No. 702-1. Cushman

25  & Wakefield joined in the Motion to Strike. ECF No. 703. On November 16, 2015,

26  Plaintiffs opposed the Motion (ECF No. 711) and on December 3, 2015, Credit Suisse

27  submitted a Reply brief. (ECF No. 720). The matter was submitted for decision without

28  oral argument

ORDER - 1

## II.   Background and Procedural History

**A.   Initial Expert Disclosure**

Pursuant to the court's Order, ECF No. 638, entered at the request of the parties, initial expert reports were filed on September 1, 2015. *See* ECF No. 669; ECF No. 670; ECF No. 671; ECF No. 672. The four Plaintiffs represented by Robert Huntley ("Huntley Plaintiffs") identified previously filed initial expert reports by three individuals, provided one new expert report, and joined the simultaneously filed expert appraisal reports filed by the Plaintiffs represented by James Sabalos ("Sabalos Plaintiffs").

The previously filed expert reports by Michael Mason asserted the Cushman & Wakefield appraisals at each of the four Master Planned Communities should have complied with the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA") and Uniform Standards of Professional Appraisal Practice ("USPAP"). *See* ECF No. 142 and ECF No. 442-1. Douglas Haney's previously submitted expert reports on behalf of the Huntley Plaintiffs assert the Total Net Value appraisals and Total Net Proceeds approach (which replaced the Total Net Value methodology) failed to comply with FIRREA and USPAP and was required to do so. ECF No. 59, ECF No. 68-1, and ECF No. 141. The last previously filed expert report was by Randall Bell who analyzed the Cushman & Wakefield appraisals underpinning the Credit Suisse loans. *See* ECF No. 287-1.

The Huntley Plaintiffs also identified a new expert, Larry Leasure, who provided his opinion as to the propriety of the Credit Suisse loans in light of prevailing standards of real estate financing. *See* ECF No. 670-1. The Huntley Plaintiffs also joined in the reports simultaneously filed by the five Sabalos Plaintiffs. *See* ECF No. 670.

The Sabalos Plaintiffs filed two expert reports from J. Randall Schneider appraising real properties owned by the Sabalos Plaintiffs at Lake Las Vegas and Tamarack. *See* ECF No. 672. Schneider's reports addressed the claimed effect the Credit Suisse loans had on the value of specific properties owned by the Sabalos Plaintiffs at Lake Las Vegas and Tamarack. *See* ECF No. 672-1 at 3; ECF No. 672-4 at 2-3. The

ORDER - 2

values of the Sabalos Plaintiffs' properties were compared to other properties at "competitive Master Planned Communities" to "determine if there is a difference between the effects of the overall housing market compared to the effects of the loss of amenities due to bankruptcy." ECF No. 672-1 at 3; ECF No. 672-4 at 3. At the time, Mr. Huntley failed to observe his clients' Lake Las Vegas and Tamarack properties were not included in Mr. Schneider's appraisals. ECF No. 711 at 3.

Defendants submitted expert reports from several individuals. Ronald Hendricks provided an analysis of the Cushman & Wakefield appraisals and the Total Net Value methodology, opining that they were not misleading. *See* ECF No. 669-1; ECF No. 671-1. Paula Konikoff provided her opinion that the appraisals complied with the requirements of USPAP. *See* ECF No. 669-2; ECF No. 671-2. An expert report from Mark Olson asserted the appraisals were not required by law to comply with FIRREA. *See* ECF No. 669-3; ECF No. 671-3. Julie Persily submitted an expert report stating her opinion that the Credit Suisse loans were not consistent with a "loan to own" strategy. *See* ECF No. 669-4; ECF No. 671-4.

The last expert report Defendants submitted was from Walter Torous, PhD. *See* ECF No. 669-5; ECF No. 671-5. Dr. Torous did not appraise any of the Plaintiffs' individual properties, but provided his opinion as to what caused the failure of the Master Planned Communities. *See* ECF No. 669-5; ECF No. 671-5. Dr. Torous claimed the economic recession caused the failure of all four Master Planned Communities, not the Credit Suisse loans. *See* ECF No. 669-5 at 62-77.

**B.     Rebuttal Expert Disclosures**

On October 9, 2015, all parties submitted their rebuttal expert reports. *See* ECF No. 689; ECF No. 690; ECF No. 691; ECF No. 692; ECF No. 694; ECF No. 695. Plaintiffs submitted three rebuttal reports from Mr. Schneider. The first Schneider rebuttal report countered the report of Dr. Torous. *See* ECF No. 690-1. The first Schneider rebuttal report discussed how the Credit Suisse loans, not the economy, caused Plaintiffs' alleged damages. *See* ECF No. 690-1.

The other two rebuttal reports from Mr. Schneider ("Schneider Rebuttal Appraisals") appraised six properties at Tamarack and one property at Lake Las Vegas, owned by Huntley Plaintiffs, that were previously omitted from his initial expert reports. *See* ECF No. 694; ECF No. 695. Specifically, the Schneider Rebuttal Appraisals appraised the properties owned by Jennings at Lake Las Vegas, as well as the properties owned by Land and Dominguez at Tamarack, Idaho. ECF No. 690-1 at 19. The Schneider Rebuttal Appraisals used the same process and methodology as Schneider's initial reports concerning the Sabalos Plaintiffs' Tamarack and Lake Las Vegas properties. The only difference in the Schneider Rebuttal Appraisals was the addition of the evaluation of the additional Huntley represented properties. *See* ECF No. 702-1 at 5-6. Neither the initial Schneider appraisals nor the Schneider Rebuttal Appraisals appraised properties owned at Yellowstone Club or Ginn sur Mer. *See* ECF No. 672; ECF No. 702-1.

Defendants submitted a report from Dr. Torous rebutting the initial Schneider reports. ECF No. 691-5. Dr. Torous' rebuttal report asserted the method used by Schneider was flawed and did not establish a causal link between the alleged damages for the evaluated properties and the loans financed by Credit Suisse. *See* ECF No. 691-5 at 5. Dr. Torous did not appraise any of the individual properties, but noted the initial Schneider reports did not analyze any property purchased by Jennings, Blixseth, Dominguez, and Land (the Huntley Plaintiffs). ECF No. 691-5 at 8.

On October 28, 2015, 19 days after the challenged rebuttal reports were filed, Defendants deposed Mr. Schneider. *See* ECF No. 711-1 at 1. The deposition included discussion of his initial and rebuttal expert reports which were admitted as exhibits during the deposition. *See* ECF No. 711-1 at 3.

**C.     Motion to Strike**

On October 22, 2015, the Defendants filed the instant Motion seeking to strike the Schneider Rebuttal Appraisals. ECF No. 702 at 2. Defendants argued those two reports are not proper rebuttal and asserted the court must strike the reports. ECF No. 702-1 at 11-16. As an alternative to striking the reports, Defendants requested the court to not

ORDER - 4

1    allow testimony on the Schneider Rebuttal Appraisals or to prevent Mr. Schneider from
2    testifying during Plaintiffs' case-in-chief. ECF No. 702-1 at 16-17.
3         Plaintiffs oppose the Motion to Strike, arguing the Schneider Rebuttal Appraisals
4    are proper rebuttal because they, along with the first Schneider rebuttal report, form "part
5    of a cohesive whole" which directly rebuts the expert report of Dr. Torous. ECF No. 711
6    at 7. Plaintiffs also assert the timing of the Schneider Rebuttal Appraisals did not harm
7    Defendants. ECF No. 711 at 9.

8                          **III.    Legal Analysis**
9    **A.    Rebuttal Expert Reports**
10        Witnesses who are "retained or specially employed to provide expert testimony in
11   the case" must provide a written report containing the information required by Rule 26.
12   Fed.R.Civ.P. 26(a)(2)(B). Rebuttal experts are those experts whose testimony "is
13   intended solely to contradict or rebut evidence on the same subject matter identified by
14   another party under Rule 26(a)(2)(B) or (C)." Fed.R.Civ.P. 26(a)(2)(D)(ii). Rebuttal
15   reports are not the proper place for presenting new arguments.

16        Defendants argue the Schneider Rebuttal Appraisals are not rebuttal because they
17   do not rebut any of Defendants' expert reports, do not cite to any reports, and are largely
18   duplicative of the initially furnished real property appraisals except for the new properties
19   being appraised. ECF No. 702-1 at 8-9. Plaintiffs argue the contents of the Schneider
20   Rebuttal Appraisals are identical to his initial reports except for the properties being
21   appraised. *See* ECF No. 711 at 7. Plaintiffs concede the Schneider Rebuttal Appraisals
22   could have been submitted as initial reports, but contend they were not required to be
23   submitted as initial reports. ECF No. 711 at 3. Plaintiffs characterize the Schneider
24   Rebuttal Appraisals as "partial foundation analyses" for Schneider's rebuttal to Dr.
25   Torous' report and should be considered in conjunction with the other report. *See* ECF
26   No. 711 at 1-2.

27        Dr. Torous' report presented opinions concerning the cause of the Master Planned
28   Communities' failure, but did not present an individual appraisal of or damage estimates

ORDER - 5

for each Plaintiff's property. *See* ECF No. 669-5; ECF No. 671-5. Mr. Schneider's rebuttal to Dr. Torous focuses on the causation of damages (the economy versus Credit Suisse's loans) not specific property appraisals. *See* ECF No. 690-1. Since Dr. Torous did not make specific parcel appraisals, and specifically noted the missing properties without evaluating them, the Huntley Plaintiffs' contention that the Schneider Rebuttal Appraisals are, in fact rebuttals to Torous' opinions, lacks weight. It appears to the court the reason for the belated second Schneider filings for the Huntley Plaintiffs was the oversight that the first Schneider report did not include the Huntley Plaintiffs' Lake Las Vegas and Tamarack properties.

It further appears the Schneider Rebuttal Appraisals are critical to the claims of the three Huntley Plaintiffs whose properties were therein appraised. Apparently those appraisals constitute the only expert testimony establishing the monetary loss from the subject properties arising from the Credit Suisse's loans. The Schneider Rebuttal Appraisals do not formally constitute rebuttal evidence, because the alleged damages to each Plaintiff are a part of Plaintiffs' case-in-chief. To preclude the Huntley Plaintiffs' Schneider "rebuttal appraisals" from being introduced in their case in chief could result in those Plaintiffs having their cases dismissed before or during trial, a draconian result for a 40 day delay (September 1, 2015 to October 9, 2015) in the furnishing of their Schneider Rebuttal Appraisals. A much longer continuance of the trial date at the request of Cushman & Wakefield's counsel was granted. *See* ECF No. 725 at 1-2.

**B.    Justification for Untimely Disclosure**

The belated furnishing of the challenged Schneider reports does not subject them to mandatory rejection if the untimely disclosure of the Schneider Rebuttal Appraisals "was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). In determining whether a late disclosure is substantially justified or harmless, the court considers four factors: 1) prejudice or surprise to the non-offending party; 2) ability of the non-offending party to cure any prejudice; 3) likelihood of disrupting trial; and 4) bad faith or willfulness of the party failing to timely disclose the report. *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed.

1  Appx. 705, 713 (9th Cir. 2010) (unpublished). The burden is on the party facing such
2  sanctions as the preclusion of evidence to prove the untimely disclosure was substantially
3  justified or harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107
4  (9th Cir. 2001). Late disclosure can be considered harmless when the non-offending party
5  "knew about the expert, knew about the content of the expert's testimony, and had an
6  opportunity to depose the expert." *Amos*, 2011 WL 43092 at *4.

7       The sanctions provision of Rule 37(c)(1) "provides a strong inducement for
8  disclosure of material." Fed.R.Civ.P. 37(c) advisory committee's note to 1993
9  amendment; *Yeti by Molly*, 259 F.3d at 1106. However, "[l]imiting the automatic sanction
10 to violations 'without substantial justification,' coupled with the exceptions for violations
11 that are 'harmless,' is needed to avoid unduly harsh penalties in a variety of situations"
12 such as "the inadvertent omission ... of the name of a potential witness known to all
13 parties." Fed.R.Civ.P. 37(c) advisory committee's note to 1993 amendment. The Ninth
14 Circuit "give[s] particularly wide latitude to the district court's discretion to issue
15 sanctions under Rule 37(c)(1)." *Yeti by Molly*, 259 F.3d at 1106.

16      Excluding an expert from testifying is in fact a "Draconian sanction." *Downs v.*
17 *River City Group, LLC*, No. 3:11-CV-00885-LRH-WGC, 2014 WL 814303, *8 (D. Nev.
18 February 28, 2014). "Excluding expert testimony is not proper when there are other, less
19 severe sanctions available." *Amos*, 2011 WL 43092 at *4. Courts decline to exclude
20 experts as a sanction for untimely disclosure where there is time to depose the expert.
21 *See, e.g.*, *Downs*, 2014 WL 814303 at *8; *Amos*, 2011 WL 43092 at *5; *Galentine v.*
22 *Holland America Line-Westours, Inc.*, 333 F. Supp. 2d 991, 994 (W.D. Wash. 2004).
23 When the party seeking exclusion was aware of the expert before the initial deadline, as
24 herein, disclosure of additional testimony at the rebuttal deadline does not warrant
25 exclusion. *See id.* at 994.

26      Plaintiffs argue the late disclosure of the Schneider Rebuttal Appraisals was
27 harmless because the Schneider Rebuttal Appraisals applied Mr. Schneider's same
28 methodology from his initial reports to the additional properties but provided no new

ORDER - 7

theories. ECF No. 711 at 9. Defendants deposed Mr. Schneider after the Schneider Rebuttal Appraisals were filed and questioned him about the belatedly furnished portions of the Schneider Rebuttal Appraisals. ECF No. 711 at 9.

Defendants argue they are prejudiced because the untimely filing means they will not be able to rebut the Schneider Rebuttal Appraisals. ECF No. 702-1 at 14. Defendants contend the only way to remedy prejudice is to "extend multiple succeeding discovery or pretrial deadlines" to allow Defendants to: 1) obtain reports rebutting the Schneider Rebuttal Appraisals; 2) depose Mr. Schneider again; and 3) address the Schneider Rebuttal Appraisals in its summary judgment briefing. ECF No. 702-1 at 15.

Defendants' claims of prejudice appear overstated. Defendants do not need to obtain reports to rebut Schneider's analysis of the additional properties. Dr. Torous rebutted the methodology used by Mr. Schneider without discussing the individual property appraisals. *See* ECF No. 691-5. It appears the same objections would apply to the additional properties. There is no reason to believe Defendants need to file sur-rebuttal reports to combat the Schneider Rebuttal Appraisals. Had there been a request, Defendants could have had Dr. Torous supplement his rebuttal to include the Schneider Rebuttal Appraisals.

Defendants have no apparent need to depose Mr. Schneider again. The Schneider Rebuttal Appraisals were submitted almost three weeks before the Schneider deposition took place, were admitted as exhibits at the deposition of Mr. Schneider, and Defendants questioned Mr. Schneider regarding the Schneider Rebuttal Appraisals. *See* ECF No. 711-1 at 3.

After Defendants filed the instant Motion, the court extended the dispositive motion deadline. *See* ECF No. 705 at 2. Because of the extension, Defendants had additional time to prepare their briefs and include consideration of the Schneider Rebuttal Appraisals. Both Defendants addressed all of the Schneider reports and methodology in their Motions. *See* ECF No. 737-1 at 23-24; ECF No. 741-1 at 15. The additional Schneider reports did not prejudice Defendants' dispositive motions.

ORDER - 8

Defendants do not assert Plaintiffs acted in bad faith by failing to timely file the Schneider Rebuttal Appraisals. *See* ECF No. 720 at 7. Defendants have not established the Schneider Rebuttal Appraisals will disrupt the trial or pretrial deadlines. Defendants were aware of Mr. Schneider, his methodology, his theory concerning the cause of damages in this case, and deposed Schneider on his rebuttal reports. The delay in the untimely disclosure of the Schneider "rebuttal" reports, while constituting a violation of the court's prior Scheduling Order, has not resulted in any prejudice or harm to the Defendants.

## IV.    Conclusion

The Schneider Rebuttal Appraisals covering the additional Huntley Plaintiffs' property were not "rebuttal reports." The report of the appraisal of those properties should have been included at the time of the initial expert reports on September 1, 2015. The striking of those reports is not warranted. That finding should not be construed by counsel as an indication that any future violations of court-established deadlines will be tolerated.

**IT IS HEREBY ORDERED:**

Defendants' Motion to Strike, ECF 702 & 703, is **DENIED**.

**IT IS SO ORDERED.** The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 7th day of January, 2016.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 9