UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| L.J. GIBSON, et al., <br><br>                  Plaintiffs, <br><br>    v. <br>CREDIT SUISSE AG, a Swiss Corporation, et al., <br><br>                  Defendants. | Case No. 1:10-cv-00001-EJL-REB <br><br>**ORDER** |

Before the Court is Plaintiffs' Objection to the March 14, 2009 Memorandum of Decision and Order entered by Magistrate Judge Ronald E. Bush. (Dkt. 885.) Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter is decided on the record before this Court without oral argument. For the reasons set forth below, the Court denies the objection.

## LEGAL STANDARD

A district judge may refer non-dispositive issues to a magistrate judge under 28 U.S.C. § 636(b)(1). Fed. R. Civ. P. 72(a); Local Civ. R. 72.1; *Mitchell v. Valenzuela*, 791 F.3d 1166, 1168 (9th Cir. 2015) ("Pursuant to section 636, magistrate judges may hear and determine non-dispositive matters....").[1] A party may object to a non-dispositive pretrial ruling by a magistrate judge within fourteen days after being served with a copy of the order. *See* Fed. R. Civ. P. 72(a); Local Civ. R. 72.1(b)(1). The district judge reviews the magistrate judge's ruling on a non-dispositive motion under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A) (The magistrate judge's order will be upheld unless "it has been shown that the magistrate [judge]'s order is clearly erroneous or contrary to law."); *see also* Fed. R. Civ. P. 72(a); *Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). This standard is deferential. The district judge "may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241.

The clearly erroneous standard applies to the magistrate judge's factual findings or discretionary decisions. Findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. *Security Farms v. International Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997).

---

[1] Plaintiffs argue the Magistrate Judge's Order is a dispositive ruling "since it concludes the sanctions mater and there are no other proceedings in the case." (Dkt. 885.) The Court disagrees. The sanctions imposed here were not dispositive of a claim or defense of a party and, therefore, were non-dispositive. *See* Fed. R. Civ. P. 72(a) (defining non-dispositive matters as a "pretrial matter not dispositive of a claim or defense of a party.").

The "contrary to law" standard "permits independent review of purely legal determinations by the magistrate judge." *F.D.I.C. v. Fid. & Deposit Co. of Maryland*, 196 F.R.D. 375, 378 (S.D. Cal. 2000) (citations omitted); *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002) (stating that under 28 U.S.C. § 636(b)(1)(A), questions of law are reviewed *de novo*). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Cochran v. Aguirre*, 2017 WL 2505230, at *1 (E.D. Cal. June 9, 2017).

A magistrate judge's order is "contrary to law" if the judge applies an incorrect legal standard or fails to consider an element of the applicable standard. *See Hunt v. Nat' Broad. Co.*, 872 F.2d 289, 292 (9th Cir. 1989) (noting that such failures constitute abuse of discretion).

## DISCUSSION

On March 29, 2013, Magistrate Judge Bush issued a Memorandum Decision and Order ("Sanctions Order") granting Defendant Cushman & Wakefield's Motion for Sanctions as well as ruling on other pending motions. (Dkt. 352.)[2] The Sanctions Order imposed monetary sanctions on five of Plaintiffs' counsel (Movants) in the amount of $6,000.00 individually. Movants objected to and moved for reconsideration of the Sanctions Order. (Dkt. 358, 367, 392.) Ultimately, the Movants' objections and request for reconsideration were denied. (Dkt. 408, 531, 674, 706, 777.) Movants appealed the

---

[2] Because the circumstances underlying the imposition of sanctions are thoroughly detailed and discussed in the prior Orders regarding the same contained in the record, they are not restated again here.

Sanctions Order and related denials of their motions challenging that Order. (Dkt. 819, 822.)

The Ninth Circuit upheld the determinations that Movants had acted in bad faith and affirmed the award of attorney fees, but vacated and remanded the imposition of sanctions in the amount of $6,000 on each of the Movants. (Dkt. 859, 864.) On remand, the Ninth Circuit instructed the court to "assess whether any part of the fines is non-compensatory, and if so, Plaintiffs' counsel should be afforded the due process protections appropriate for a petty criminal offense, including proof beyond a reasonable doubt." (Dkt. 859 at 5-6.) The remand was referred to Judge Bush. (Dkt. 865.)

On March 14, 2019, Judge Bush issued a Memorandum Decision and Order denying a Motion to Disburse Fines from Registry of the Court, Discharge Sanctions Order, and Vacate Sanctions Orders. (Dkt. 884.) Judge Bush concluded that the previously imposed sanctions represent compensable costs to the Court which do not require due process protections beyond the notice and opportunity to be heard already afforded in this case. (Dkt. 884.) Movants object to Judge Bush's decision arguing 1) the determination that the sanctions were compensable is clearly erroneous because it is not supported by any evidence, is arbitrary, and is based on speculation and conjecture and 2) sanctions awards cannot be imposed to compensate a court as a matter of law. (Dkt. 885.) Defendants' response to the movants' objection relies on their prior briefing concerning the matter.

(Dkt. 886.) The matter is now before the Court and, for the reasons stated herein, the Court agrees with Judge Bush's decision and will affirm the same.[3]

This Court is intimately familiar with this case and, in particular, the circumstances and background concerning the imposition of sanctions now at issue. (Dkt. 531.) Regardless, the Court has again reviewed the Ninth Circuit's remand and the pertinent materials in the record relating to the imposition of sanctions including: the parties' briefing, the Orders imposing sanctions, and the briefing and Orders relating to the denial of the Movants' various motions objecting to and requesting reconsideration of the imposition of sanctions. Having done so, the Court concludes Judge Bush's Order on Remand and Memorandum Decision and Order (Dkt. 884) is not "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Just the opposite, this Court is in full agreement with Judge Bush's factual findings and discretionary decisions and, additionally, finds Judge Bush applied the correct legal standard in denying the Movants' Motion. (Dkt. 884.)

As articulated in Judge Bush's Order, the sanctions imposed in this case were compensatory and properly imposed in accordance with the due process requirements for notice and opportunity to be heard. (Dkt. 884 at 10-11.) The sanctionable conduct by the Movants was their bad faith dealings relating to Michael L. Miller's declaration, affidavit, and deposition testimony which resulted in unnecessary multiplication of the proceedings and caused an unnecessary and unjustifiable use of the Court's resources. (Dkt. 352, 531,

---

[3] This case has been reassigned to this Court. (Dkt. 887.)

**ORDER - 5**

884.) The Movants' arguments to the contrary in their objections fail to appreciate and accurately account for the record in its entirety. (Dkt. 885.) The several rulings in the record concerning the Movants' sanctionable conduct, clearly and consistently detail the compensatory nature of the sanctions imposed in this case. (Dkt. 352, 531, 884.)

Further, the sanctions imposed in this case were within the Court's lawful authority. Movants' objection arguing to the contrary is without merit. The portion of the Fourth Circuit's decision in *Blue v. United States Dept. of Army*, 914 F.2d 525, 548 (4th Cir. 1990) relied on by Movants concerns the taxation of costs under 28 U.S.C. § 1920. (Dkt. 885 at 8-10.) The sanctions imposed in this case, however, were made under the Court's inherent powers and 28 U.S.C. § 1927, which states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The Ninth Circuit has affirmed both basis for imposing sanctions in this case. (Dkt. 352, 531, 859.) Regardless, the sanctions imposed here are not of a magnitude or nature that they invoke the concerns raised in *Blue*. Here, as discussed in the rulings imposing the sanctions contained in the record, the sanctions are directly related and corresponded to the Movants' bad faith conduct which resulted in unreasonable and unnecessary multiplication of this litigation and waste of judicial resources. (Dkt. 352, 531, 859, 884.) The sanctions imposed were no more than necessary to account for the excess costs and expenses

ORDER - 6

reasonably incurred as a result of Movants' bad faith conduct. For these reasons, the Court affirms Judge Bush's Order and reinstates the imposition of sanctions in this case.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1) The Objection to Memorandum of Decision and Order (Dkt. 885) is **DENIED**.

2) The Order on Remand and Memorandum Decision and Order (Dkt. 884) is **AFFIRMED**.

3) The Motion to Disburse Fines from Registry of the Court, Discharge Sanctions Order, and Vacate Sanctions Orders (Dkt. 866) is **DENIED**.

4) The Orders imposing sanctions (Dkt. 352, 408, 531) are **REINSTATED**.

5) This case is **CLOSED**.

Dated: **October 10, 2019**

Honorable Edward J. Lodge
United States District Judge